584 MARCH, 1899. 71 Conn.

New York, N. H. & H. R. Co. v. Fair Haven & Westville R. Co.

THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD
COMPANY vs. THE FAIR HAVEN AND WESTVILLE RAIL-
ROAD COMPANY.

Third Judicial District, New Haven, Jan. Term, 1899. ANDREWS, C. J.,
TORRANCE, HAMERSLEY, HALL and PRENTICE, Js.

No appeal lies from a final decree of the trial court which conforms to
the advice previously given by this court upon a reservation; and if
taken, this court will, upon motion, dismiss the appeal. It is imma-
terial, upon such an appeal, what evidence was rejected or what
claims of law were overruled by the trial court upon a special hear-
ing to settle the terms or phraseology of the decree.

Argued January 24th—decided March 9th, 1899.

SUIT to enjoin the defendant from constructing and oper-
ating an electric street railway across the plaintiff's tracks at
grade, brought to the Superior Court in New Haven County
and reserved by that court, *George W. Wheeler, J.,* upon an
agreed statement of facts, for the consideration and advice of
this court. Pursuant to the advice of this court (70 Conn.
610) final judgment was afterwards rendered in favor of the
plaintiff, from which the defendant appealed for alleged errors
of the court (*Roraback, J.*) in its rulings affecting the terms
and scope of the injunction decree. In this court the appel-
lee filed a plea in abatement and also a motion to dismiss the
appeal, which were argued in connection with the questions
raised by the appeal. *Motion to dismiss appeal granted.*

The material parts of the judgment rendered by the Supe-
rior Court, are as follows:—

"Whereupon it is considered, adjudged and decreed, that
the plaintiff long before and when this suit was commenced
did own, hold and use, and ever since and still owns, holds
and uses, as a part of its depot grounds and railroad, the land
and property marked and described as parcel B on said Ex-
hibit A and in said agreed statement and finding of fact, and
in the opinion of the Supreme Court of Errors.

"And it is further considered, adjudged, ordered and de-

creed, that the said defendant neither had nor has any power or authority to locate, construct, or operate said additional line of tracks in, upon, or across the said land and property of the plaintiff.

" And it is further considered and adjudged that after the said action of the said bridge company and the plaintiff, and notice of such action to the defendant on the 7th day of November, 1893, revoking and terminating the permit and license to the defendant to locate and operate their line of tracks upon and across said property as stated in said finding, said defendant had no longer and has no right, power, or authority to locate, establish, or operate said line or lines of tracks, over, in, upon, or across the said property of the plaintiff.

" And it is further considered, adjudged, ordered, and decreed that you, the defendant, and your officers, agents, and servants, and each and every of you, are hereby absolutely and strictly forbidden to further locate, operate, or run in, upon, over, or across said land and property of the plaintiff any line or lines of railroad or appliances for the operation thereof, and to cease and refrain from further operating and running said railroad and appliances in, upon, over, or across the plaintiff's said property, and from any further such use and occupation of the plaintiff's said land and property in locating, running, or operating any line or lines of railroad, electric or otherwise, or any appliance thereof.

" And it is further considered, adjudged, and decreed that the plaintiff has the right to, and may at and after the expiration of six calendar months from the date of this judgment, remove from, upon, over, or across said tract of land and property of the plaintiff designated as parcel B on said map and in said finding of fact, the defendant's said lines of electric railroad, together with all appliances thereof, including the ties, stringers, rails, lines of wire, and any and all other parts or appliances of the said electric railroad.

" This judgment is without prejudice to the right, if any, of the defendant to obtain or perfect by condemnation proceedings the right to operate its railroad over said parcel B.

No ruling or intimation is intended as to the existence or non-existence of such right to condemn."

The finding stated the following facts : " The plaintiff having made a motion for judgment in this court, pursuant to the advice of the Supreme Court of Errors, the defendant moved for a hearing upon the terms of the injunction to be granted ; and upon such hearing offered evidence tending to show : —

" 1st. That at the time when the bridge company executed to the city and town of New Haven, on the 31st day of December, 1886, the deed of that date set forth in and made a part of the finding upon reservation in the Supreme Court of Errors (being Exhibit B, and found on pages 37 to 40, both inclusive, of this record), the plaintiff was the equitable owner of all the capital stock of said bridge company. This evidence was offered for the purpose of showing that the injunction should not extend to the whole width of parcel B, but only to so much thereof as constitutes the crossing limited as is claimed in the agreed finding of facts. The plaintiff objected, for the reason that the record, finding and agreed statement of facts was conclusive upon the defendant ; that parcel B had been adjudicated to be the property of the plaintiff, and that this evidence was not admissible for the purpose of varying the statement of facts to affect the judgment of the Supreme Court. The court sustained the objection and excluded the evidence, the defendant duly excepting. The defendant admitted that the map, Exhibit A, made part of the finding, properly indicated and showed the location and dimensions of parcel B in all directions.

" 2d. For the same purpose, evidence tending to show that in 1889 the city of New Haven paved a part of the causeway west of the easterly boundary of parcel B referred to in said finding and opinion of the Supreme Court of Errors, and to a point within about two feet of the easterly track of the plaintiff's railway, and that since that date the said city of New Haven had kept said pavement in repair at its own expense. The plaintiff objected to any further evidence upon the questions that might be affected by such testimony, and to the admission of the same, for the reasons given in the

objection to the last question, and the court thereupon excluded the same, the defendant duly excepting.

"There was no claim on the part of the defendant that any of the evidence so offered was newly discovered, or was not known to the defendant and its counsel at and prior to the time of the agreed statement of facts and finding upon reservation for the advice and consideration of the Supreme Court of Errors. Thereupon the defendant asked the court to rule as follows : —

"1. That the defendant has under its charter and the authority derived from the General Assembly, the city of New Haven and the railroad commissioners, a right to construct its tracks and operate its railroad at the place in question, upon payment of compensation therefor to the plaintiff. And the defendant further asked the court to limit the injunction to be granted to the plaintiff until the defendant should have made compensation to the plaintiff, to be voluntarily accepted, or to be assessed according to law. The court declined so to rule, and the defendant duly excepted to said ruling. 2. That pursuant to the advice as given by the Supreme Court of Errors, the injunction order should be limited to the actual crossing, in pursuance of paragraph 11½ of the agreed statement of facts. The court declined so to rule, and the defendant duly excepted to said ruling. 3. That by the terms of the deed from the bridge company to the city and town of New Haven, the westerly boundary of that portion of the westerly approach to said bridge was Bridge street, upon the westerly side of said crossing, and that the whole of said crossing for the whole width of parcel B was by the terms of said deed conveyed to said city and town as and for a public highway. The court declined so to rule, and the defendant duly excepted to said ruling. 4. That the title to parcel B is not an issue in this cause, but only that portion thereof actually occupied by the tracks of the plaintiff ; and that said crossing is subject to an easement of passage on the part of the public. The court declined so to rule, and the defendant duly excepted to said ruling. 5. That the approach to the toll-bridge is a public highway, save only for the chartered

right of the bridge company to collect tolls thereon, and that said right is a franchise, and not assignable to the plaintiff. The court declined so to rule, and the defendant duly excepted to said ruling. 6. That the plaintiff is bound by the statute law of this State (§ 3499) to keep said crossing in repair at its own expense, and that no inference hostile to the defendant should be drawn by reason of the performance of said duty by the plaintiff. The court declined so to rule, and the defendant duly excepted to said ruling. 7. That the advice of the Supreme Court of Errors did not extend to or cover the removal of the tracks of the defendant, but only to the operation by the defendant of its cars over a portion of parcel B, and that no order of removal should be granted. The court declined so to rule, and the defendant duly excepted to said ruling."

The errors assigned are the rulings of the court upon evidence, and the refusal to grant defendant's request for rulings.

In this court the defendant filed the following motion to dismiss said appeal: "The said New York, New Haven & Hartford Railroad Company, defendant in error, now moves to dismiss said appeal, because said appeal is from the judgment, decree, and decision of the Superior Court, made and rendered October 7th, 1898, conforming and pursuant to the consideration and advice of this court adjudicated and given June 17th, 1898, upon a reservation by said Superior Court for the consideration and advice of this court of said case, and of all questions of law arising in said case upon the pleadings and upon the written statement of facts in the case stipulated and agreed to by the parties plaintiff and defendant, and signed by them by their respective attorneys, which statement of fact was also by the consent and request of both of the said parties found by said Superior Court to be true; and said judgment of said Superior Court so appealed from was so made and rendered after the plaintiff in error had on July 23d, 1898, applied to said Supreme Court of Errors for leave to file a motion for a reargument of the case, and was made after said application for reargument was denied by

this court on July 26th, 1898, as will more fully appear by the files and records of this case, and in the printed record now before the court, and by the opinion of this court reported in volume 70, page 610, of the Connecticut Reports ; and said files, record, and opinion, and advice are hereby referred to and made part hereof. Wherefore the defendant in error moves that said appeal be dismissed."

The plaintiff also filed a plea in abatement upon the grounds set forth in the motion.

The answer to the motion filed by the defendant was as follows : " The Fair Haven and Westville Railroad Company, appellant, denies the allegation in the appellee's motion to dismiss the appeal, that said decree, judgment and decision appealed from conforms and is pursuant to the consideration and advice of this court adjudicated and given June 17th, 1898 ; and the appellant further states that the said judgment is not in all respects in conformity with and pursuant to said consideration and advice of this court, in that it adjudicates and determines matters beyond and not included in said consideration and advice, and not in any manner passed upon by this court, and in certain other respects said judgment is contrary to the advice of this court, as will appear by reference to the files and records of this case, and the opinion of this court reported in volume 70, page 610, of the Connecticut Reports."

The defendant also filed an answer and a demurrer to the plea in abatement.

*George D. Watrous* and *Henry F. Parmelee*, with whom was *James D. Dewell, Jr.*, for the appellant (defendant).

*Henry Stoddard*, for the appellee (plaintiff).

TORRANCE, J. Upon an inspection of the record in this case we are of opinion that the motion to dismiss the appeal should be granted.

This court held in the former hearing in this case, that the land included within parcel *B* as described in the record was

the property of the plaintiff, in or over which the defendant had no right to operate its railroad, or to maintain its tracks, fixtures, or other things as described in the complaint.

It advised the Superior Court to grant the prayer of the complaint. That prayer was for an injunction, both restraining and mandatory, covering the whole of parcel B. The judgment complained of is in accordance with that advice. A hearing was advised for a prescribed, special and limited purpose, namely, to settle the terms of the injunction. In the view here taken of the scope of the opinion and advice given in the former case, the evidence rejected and the rulings refused had no bearing upon the settlement of the terms of the injunction, within the meaning of the advice given with reference to a hearing upon this point. Under these circumstances the defendant had no right of appeal. *Derby* v. *Alling*, 43 Conn. 255; *New Haven & Northampton Co.* v. *State*, 44 id. 376; *Clarke's Appeal*, 70 id. 483.

The appeal is dismissed.

In this opinion the other judges concurred.