## JOHN J. STEVENSON v. ATLANTIC CITY REAL ESTATE BOARD.

### Decided July 26, 1926.

**Corporations—Membership—By-laws Provided That an Arbitration Board Should Determine Differences Between Members —In Present Case an Arbitration Board Undertook to Determine a Difference Existing Between a Member and a Nonmember—Held, That Corporation's Act in Expelling Member Upon the Findings of Arbitration Board was Ultra Vires and Void—Peremptory Writ of Mandamus to Restore Member Allowed.**

On *mandamus*.   On demurrer to alternative writ.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the relator, *Thompson & Hanstein.*

For the respondent, *Bolte, Sooy & Gill.*

PER CURIAM.

The purpose of the present proceeding is to compel the Atlantic City real estate board to reinstate the relator, Stevenson, to membership in that body, he having originally been a member thereof, but having been, as he claims, wrongfully expelled therefrom.

The material facts disclosed by the record before us are as follows: A by-law of the board provides that, when any differences arise between members thereof, there shall be a hearing thereon before a committee of arbitration selected from the membership of the body, and that the findings of this committee with relation to such differences shall be binding upon the members involved therein. In the present case there was a controversy between Stevenson and one Roney, another member of the board, with relation to the commissions received by Roney from a man named Shenkman on a sale of the latter's property; Roney's claim being that he was the procurer of the sale, and as such entitled to all commissions resulting therefrom, while Stevenson's claim was that, by virtue of a pre-existing agreement with Shenkman he was entitled to share in the commission, even if Roney had been the procuring cause of such sale. This matter was heard before an arbitration committee and was decided in favor of Roney; that is, the committee held that Roney was entitled to the whole of the commission. It further decided that Stevenson had no claim against Shenkman arising out of the transaction. Notwithstanding this latter finding of the committee, Stevenson brought suit against Shenkman to compel him to pay him the amount of his claim under the agreement between them, and thereupon the defendant board expelled him from membership because of his action in instituting such suit.

We are unable to perceive from a reading of the by-law anything showing that the defendant board or its arbitration committee had any jurisdiction over the matter of the validity of the relator's claim against Shenkman. The latter was not a party to the arbitration, was not a member of the board, and was not affected by the decision of the arbitration committee. The by-law, as we construe it, limits the power of the arbitration committee to the determination of differences between members of the board; and, consequently, when the committee undertook to go outside of the power thus conferred, and assumed to settle matters in difference between

a member and an outsider, its action to that extent was *ultra vires* and void.

We conclude, therefore, that the expulsion of the relator from membership in the board for violating a finding of the arbitration committee, in a matter over which it had no jurisdiction, was without legal justification, and that the relator is entitled to a peremptory writ, commanding the respondent to restore him to membership therein.