JOHN KOSIK *vs.* THE MANCHESTER CONSTRUCTION COMPANY ET AL.

First Judicial District, Hartford, March Term, 1927.
WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Where the medical expert produced by the plaintiff testified that it was reasonably probable that the dermatitis from which he suffered was due to contact with the cement used in his employment, and the compensation commissioner adopted this opinion and granted him an award, it was not open to the Superior Court to disturb the result upon appeal merely because there was other medical testimony which would reasonably support the conclusion that the plaintiff's condition was caused by ivy or other plant poisoning not connected with his occupation.

Argued March 2d—decided April 11th, 1927.

APPEAL by the defendants from a finding and award of the compensation commissioner for the first district in favor of the plaintiff, taken to the Superior Court in Hartford County and tried to the court, *Nickerson, J.;* judgment rendered sustaining the appeal and vacating the award, from which the plaintiff appealed. *Error; judgment directed dismissing the appeal.*

Kosik *v.* Manchester Construction Co.

*Saul P. Waskowitz,* for the appellant (plaintiff).

*Edward C. Carroll,* for the appellees (defendants).

HINMAN, J. Compensation was claimed and awarded for dermatitis from cement poisoning alleged to have been sustained while at work for the employer-respondent. The commissioner found that during the latter part of June and on the morning of July 1st, 1926, the claimant was engaged in handling cement on a church job in Manchester. On the afternoon of July 1st he was transferred to the work of digging a cellar and clearing land in Bolton Center and worked there until noon of July 3d. In the evening of that day he began to feel an itch on his hands and arms and about his face, and on Tuesday following consulted a dermatologist in Hartford, who diagnosed the condition as poison ivy dermatitis and treated him until about July 20th. On July 12th he made a claim to the compensation commissioner for the second district for dermatitis from poison ivy alleged to have been contracted on the Bolton job, which claim was dismissed on July 28th. On October 16th, 1926, another Hartford dermatologist observed the claimant, concluded that it was reasonably probable that the dermatitis was due to handling cement and not to ivy poisoning, and testified to that effect in the present case, while the physician who first treated him was called as a witness by the respondent. The claimant had, on two previous occasions, suffered from a dermatitis, diagnosed as a cement poisoning, on the same portions of his body except that it had not before appeared on his face. Persons peculiarly subject to dermatitis are apt to develop this condition repeatedly when exposed to the particular type of ingredient which sets up the rash.

The commissioner concluded and found that the

dermatitis was due to the claimant's handling of cement in the course of his employment in Manchester and awarded compensation accordingly. On appeal, the Superior Court corrected this finding to the effect that the dermatitis suffered by the claimant was due to contact with poison ivy or other poisonous plant and could not be traced to his employment and, in consequence, sustained the appeal and set aside the award.

Except the history of the claimant as to prior attacks, as to which there appears to be no dispute, the finding of the material fact, the cause of the dermatitis, both as made by the commissioner and as corrected on appeal, depends mainly upon the conflicting evidence of the two physicians. The credibility and weight of their testimony was, of course, for the commissioner to determine, and if the evidence of either medical witness, if accepted, was definite enough to justify the conclusion by the commissioner as to the cause of the condition, the Superior Court may not substitute therefor its differing judgment of the preponderance of evidence and its consequences. *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 150, 153, 93 Atl. 246; *Driscoll* v. *Jewell Belting Co.,* 96 Conn. 295, 299, 114 Atl. 109. When the trier "has nothing to rely upon but the opinion of a medical witness who is unable with all of his professional learning and experience to reach the definite conclusion which the court is required to reach" in making an award, such conclusion is open to successful attack. *Madore* v. *New Departure Mfg. Co.,* 104 Conn. 709, 714, 134 Atl. 259. But our examination of the testimony of the physician called by the claimant convinces us that, while conservatively expressed, when considered in its entirety, it merits the construction given it by the commissioner and amounts to expression of an opinion that, at least,

it was reasonably probable that the claimant's condition was due to contact with cement and therefore occupational in its cause. This being so, the finding and award must stand, although the Superior Court might reasonably have reached the opposite conclusion, which it did, upon the same conflicting evidence.

There is error, the judgment is set aside, and the Superior Court directed to enter judgment dismissing the appeal.

In this opinion the other judges concurred.