## Jane Ann MacFarquhar *vs.* Columbia Graphophone Company et al.

Third Judicial District, Bridgeport, October Term, 1927.

Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

The medical experts produced by the plaintiff testified that the cause of her husband's sudden death, which occurred about four months after he had suffered serious burns concededly arising out of and in the course of his employment, was heart disease resulting from his injuries, while the defendant's physician, though clearly of the opinion that there was a causal connection between the injury and the death provided the latter was due to heart disease, denied that such was the case and asserted that death was the result of a shock or apoplexy. The compensation commissioner discarded the defendant's and accepted the plaintiff's theory as to the cause of the death, but found that there was no causal connection between the burns and the heart ·disease. *Held* that this finding, which was unsupported by the medical testimony introduced by either party, was so unreasonable as to justify the action of the Superior Court in correcting it to include the causal connection claimed by the plaintiff, and in remanding the case to the commissioner for an award in accordance therewith.

Argued November 3d—decided December 12th, 1927.

Appeal by the plaintiff from a finding and award of the compensation commissioner for the fourth district in favor of the defendants, taken to the Superior Court in Fairfield County and tried to the court, *John Richards Booth, J.;* judgment rendered sustaining the appeal and vacating the award, from which the defendants appealed. *No error.*

Samuel Reich, with whom, on the brief, was *Philip Reich,* for the appellants (defendants).

Henry E. Shannon, with whom was *John Smith,* for the appellee (plaintiff).

WHEELER, C. J.    Plaintiff's decedent was employed as a millwright in the factory of the defendant employer.  While assisting in removing a motor from an elevator there was a flash followed by an explosion and as a result the decedent was severely burned about the head and arms.  Concededly the burns arose in the course of and out of decedent's employment.  The question for decision, whether the death of the decedent was caused by the burns, arises out of the action of the trial court in correcting the finding of the commissioner, who found that the decedent died from some form of heart disease.  He also found, and this the plaintiff asked to have stricken out, that, no autopsy having been performed, it is impossible to state the nature of the heart condition of the decedent and that the heart condition which caused his death was neither superinduced, aggravated, nor in any way connected with the accident.  The trial court granted the motion to correct by striking this out, and by adding this paragraph:  "The deceased died of myocarditis, transmyocarditis, secondary to burn, which was due to the accident that occurred August 23d, 1926."

One of the undisputed medical facts introduced in evidence was that a sudden death such as that of the decedent is due either to shock or heart disease.

The plaintiff offered as witnesses two physicians, the medical examiner and the family physician.  The medical examiner had seen the decedent twice while he was in the hospital, and found upon the hospital charts that he ran signs of nephritis through different casts through a large extent of his stay in the hospital, and after the death of the decedent he made a thorough examination of the history of the case and refused to state in the death certificate that the cause was shock or apoplexy, and, based upon his knowledge of the case and his examination of its history, he gave the

cause as myocarditis, transmyocarditis, secondary to burn, that is, caused by the burn which set up toxemia in his system. He testified that he asked the physician for the employer what ground he had for his diagnosis of apoplexy and he said he did not have any. The family physician who had given the decedent a thorough physical examination in December, 1925, found him sound in health, saw him only once during his illness and on that occasion at his home. Upon his knowledge of the decedent and the history of the case he was of the same opinion as the medical examiner as to the cause of death. In giving the grounds on which his opinion rested he emphasized the fact that he died in an upright sitting posture, which was one which a man with cardiac difficulty assumes when fighting for breath, while a man suffering a sudden shock would probably fall and usually be paralyzed on one side, and if he had had warning would be apt to recline, while the attack would be preceded by a high blood pressure. The physician of the defendant employer testified that he thought the cause of death was a shock; that he saw no evidence of heart disease, or heart irregularity in the seventy visits he made in treating him, that his pulse was good and strong, that his arteries and walls felt like a man who has high blood pressure, although he had never taken it, and that he had never in his experience of four and one half years known a case of second degree burns in a man of mature years causing death four months after the burns.

The commissioner found the cause of death to be heart disease, but found that it did not result in any way from the burns. His conclusion as to the cause of death followed that reached by the physicians testifying in behalf of the plaintiff. The holding of the commissioner that the heart disease did not result from

the burns did not accord with the view of the experts on either side, and apparently judging by the evidence was not in accordance with the position taken by defendant's counsel. If defendant's physician had thought the cause of death to be heart disease, it is clear that he would have found a causal connection between the death and the burns. The only expert evidence before the commissioner upon this point was that of the physicians produced by the plaintiff. When the commissioner set aside shock as the cause of decedent's death, it left no other theory advanced upon the evidence except that the heart disease was due to the poison caused by the burns. Counsel for the plaintiff, with show of reason, assert that the commissioner has adopted a theory which was not supported by any testimony and was at variance with all the testimony of the experts. If death was due to heart disease, it logically follows from the evidence that it arose from the burns, for the only testimony as to the origin of the heart disease was that of the physicians presented by the plaintiff. We are not now passing upon the two theories of the medical experts. The commissioner has discarded one and accepted the other as the cause of the death. We are merely determining whether he should reasonably have found that the burns were the cause of the heart disease. There is, as we view it, no evidence in contradiction of this conclusion, the condition of the decedent before the accident and his symptoms and condition succeeding it make the conclusion of the plaintiff's experts reasonable, and if the cause of the death be heart disease, as the commissioner has found, make it likewise inevitable. "The foundation underlying the power which the Superior Court exercises in correcting a finding of a commissioner is its right to correct the finding when it is 'so unreasonable as to justify . . . interference.'" *Leszczymski* v. *Radel*

*Oyster Co.,* 102 Conn. 511, 516, 129 Atl. 539. This case falls within this rule. The trial court, in making the corrections complained of and in remanding the case with direction to make such award as the facts as corrected require, wisely exercised the legal discretion vested in it.

There is no error.

In this opinion the other judges concurred.