## JOSEPHINE SANTOS *vs.* THE PUBLIX THEATRES CORPORATION ET AL.

Third Judicial District, New Haven, June Term, 1928.
WHEELER, C. J., MALTBIE, HINMAN, BANKS and YEOMANS, Js.

Argued June 6th—decided July 16th, 1928.

*Cornelius J. Danaher,* for the appellants (defendants).

*Samuel H. Platcow* and *Joseph I. Shrebnik,* for the appellee (plaintiff).

HINMAN, J. On June 21st, 1927, the compensation commissioner made a finding and award dismissing

the plaintiff's claim for compensation. The plaintiff appealed to the Superior Court, including in the appeal a motion to correct the finding, which the court (*Wolfe, J.*) granted in part, and rendered judgment remanding the case to the commissioner for an award to the plaintiff in accordance with the finding as corrected. No appeal to this court was taken from this judgment. Subsequently the defendants filed a motion requesting the commissioner to reopen and allow the defendants to produce additional evidence. The commissioner denied this motion and, on January 9th, 1928, made an award of compensation to the plaintiff in accordance with the finding as corrected by the Superior Court and the direction of that court. The defendants filed an appeal to the Superior Court from this award, which appeal was dismissed and erased from the docket on plaintiff's motion. From the judgment entered dismissing the appeal and affirming the award, the defendants now appeal. The question presented by this appeal, stated simply, is whether an appeal may be taken from an award made by the compensation commissioner in compliance and accordance with the direction of a judgment of the Superior Court rendered on an appeal from the original award by the commissioner.

The reasons filed in the second attempted appeal from the commissioner contained no claim that the award as made by him did not comply, in all respects, with the direction of the judgment of the Superior Court on the first appeal. They questioned, instead, the action of the latter court in correcting the finding upon the evidence submitted to it, the conclusions reached from the subordinate facts stated in the finding as corrected, and the judgment remanding the case to the commissioner for an award in accordance therewith. No doings of the commissioner independently

of or not in conformity with that judgment were complained of with the exception of the denial of defendants' motion to reopen, which motion was not based on any of the grounds specified in §5355 of the General Statutes, and from the denial of which no appeal lies. *Chzrislonk* v. *New York, N. H. & H. R. Co.*, 101 Conn. 356, 358, 125 Atl. 874. The appeal related to the correctness and validity of the action and judgment of the Superior Court on the first appeal, from which judgment, as above noted, no appeal to this court was taken.

If the trial court "finds harmful error either in a conclusion of law or of fact, or in the finding of a material fact or the refusal to find a material fact, it should, if the award may be changed or modified without requiring a further hearing, sustain the appeal to this extent, and direct the commisioner to make the award in accordance with its direction." *Thompson* v. *Twiss*, 90 Conn. 444, 446, 97 Atl. 328. The course so indicated was followed in the instant case. Under §76, Rules of the Superior Court (Practice Book, p. 258), the decision of the Superior Court upon a motion to correct the finding, in an appeal from a finding and award of a compensation commissioner, is made reviewable by this court "in the manner similar motions in other cases are reviewable."

So far as a careful investigation of our compensation cases discloses, the recognized, unvarying, and hitherto unquestioned practice has been to treat the judgment of the Superior Court, either dismissing the appeal and affirming the commissioner's award, or sustaining the appeal and remanding the cause to the commissioner for an award or other further proceedings in accordance with directions, as the judgment from which an appeal to this court to test the decision of the trial court must be taken. Among the more recent cases

which exhibit the closest analogy, in nature and scope of judgment, to that in the present case, the following are illustrative: *MacFarquhar* v. *Columbia Graphophone Co.*, 107 Conn. 73, 139 Atl. 684; *Gonirenki* v. *American Steel & Wire Co.*, 106 Conn. 1, 137 Atl. 26; *Greenwood* v. *Luby*, 105 Conn. 398, 135 Atl. 578; *Whitney* v. *Hazard Lead Works*, 105 Conn. 512, 136 Atl. 105; *Witchekowski* v. *Falls Co.*, 105 Conn. 737, 136 Atl. 565; *Dumeer* v. *Middletown Gas Light Co.*, 104 Conn. 535, 133 Atl. 580; *Schneider* v. *Raymond*, 103 Conn. 49, 130 Atl. 73; *Green* v. *Benedict*, 102 Conn. 1, 128 Atl. 20; *Hines* v. *Norwalk Lock Co.*, 100 Conn. 533, 124 Atl. 17; *Klautka* v. *Stanley Works*, 100 Conn. 345, 123 Atl. 839; *Munro* v. *Williams*, 94 Conn. 377, 109 Atl. 129. On the other hand, no case is cited to us, nor have we been able to discover one, in which an appeal from an award made by a compensation commissioner in consequence of, and as directed by, a judgment of the Superior Court rendered on appeal from the commissioner's original award, has been allowed or, heretofore, attempted.

The practice is decisively settled, therefore, that a decision of the Superior Court in a compensation case is to be reviewed by appeal from the judgment of that court rather than by a new original appeal from the award entered by the commissioner in conformity to that judgment. The practice so established is a simple, direct and orderly procedure, and affords the aggrieved party ample opportunity for redress, if seasonably availed of.

We think that the Superior Court judgment is the final judgment from which an appeal lies (*Norton* v. *Shore Line Electric Ry. Co.*, 84 Conn. 24, 31, 78 Atl. 587), but even if it were not so regarded, justification would be afforded for an exception to the general rule. There appears to be no more reason, logically, for a

right of appeal from a compensation award as directed by a judgment of the Superior Court than from a judgment rendered by the latter court in conformity to the advice or mandate of this court. *New York, N. H. & H. R. Co.* v. *Fair Haven & Westville R. Co.,* 71 Conn. 584, 42 Atl. 652.

The trial court was correct in ruling that review of the questions sought to be raised by the appeal which it dismissed, could and should have been had by appeal to this court from the judgment of the Superior Court directing that award.

There is no error.

In this opinion the other judges concurred.