ANTON JADOVICH *vs.* THE COLLINS COMPANY ET AL.

First Judicial District, Hartford, January Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued January 9th—decided March 2d, 1929.

*Thomas Hewes,* for the appellants (defendants).

*Ralph O. Wells,* with whom, on the brief, was *Edward J. Myers,* for the appellee (plaintiff).

HINMAN, J. The claimant entered the employ of The Collins Company in November, 1907, and worked practically continuously as a wet grinder until October, 1921; in November, 1922, he resumed this employment, continuing until May 5th, 1923. In May, 1927, he made claim for compensation on the ground that, because of that employment, he contracted a condition of pneumoconiosis which disabled him April 12th, 1927. The compensation commissioner, after hearing on May 23d, 1927, found that the claimant, due to his employment with The Collins Company, had "a first stage pneumoconiosis" but was not then disabled from work, and dismissed the claim "without prejudice however to the claimant's later renewing his claim should he be able to prove that he has a real disability because of pneumoconiosis." On March 5th, 1928, a hearing was held by the compensation commissioner for the third district (acting for the commissioner for the first district who found himself disqualified), on motion of the claimant contending that he was then and for some time had been totally disabled to work. This commissioner found that the

claimant had been totally incapacitated since June 11th, 1927, by pneumoconiosis which arose out of and in the course of his employment by the respondent-employer, and, in consequence, awarded compensation.

Upon the defendants' appeal to the Superior Court, the original finding made upon the first hearing in 1927 was made part of the record, but the findings of the commissioner on the second hearing were sustained and the appeal was dismissed.

On the appeal to this court the contention of the appellants is that the commissioner could not reasonably find that the pneumoconiosis was the cause of the claimant's incapacity to work and that the finding should have been corrected accordingly, with the result that he would not be entitled to compensation. It is conceded that, upon the evidence at the hearing in March, 1928, the commissioner was justified in finding that the claimant was disabled. The appellants claim, however, that the findings, made as a result of the first hearing, that the claimant, in May, 1927, had a first stage pneumoconiosis, not disabling, and was not then incapacitated from work must be taken as adjudicated facts, that the commissioner could not find, reasonably, upon the evidence received at the second hearing, that the pneumoconiotic condition of the claimant had progressed or grown worse between the date of the first finding and the subsequent disablement, that, therefore, the pneumoconiosis could not be held to be the cause of the incapacity, and that the findings to that effect are "so unreasonable as to justify judicial interference," as they must be if open to successful attack and correction. *Saunders* v. *New England Collapsible Tube Co.*, 95 Conn. 40, 43, 110 Atl. 538.

Of the three physicians called by the claimant one saw him in April, 1927, and several times subsequently,

including twice in February, 1928. His opinion was that, at the first examination, Jadovich had a second stage pneumoconiosis, hypertension and arteriosclerosis; that in February the pneumoconiosis, so far as he could determine, was about the same, his symptomatology worse, he was unable to work, due to his arteriosclerosis and pneumoconiosis, and his disability was attributable "about one-half anyhow" to the results of the pneumoconiosis. He also stated that the results of pneumoconiosis are cumulative and even if one is removed from the work which creates and aggravates it he "eventually will break down if he has a certain amount," but expressed uncertainty as to whether the claimant had such sufficient amount. Another, who subjected the claimant to a searching examination in December, 1927, expressed the opinion that he was suffering from "arteriosclerosis of slight degree accompanied by a moderate hypertension" cause unknown, and "a second stage pneumoconiosis which I believe is the more important factor in the man's disability." The third, of less age and experience than the others, but associated with an eminent surgeon who, it appeared, acted in conjunction with him in making the diagnosis, saw Jadovich first on June 11th, 1927, and at intervals thereafter until the second hearing. His diagnosis was "pneumoconiosis, advanced stage, with pericardiac adhesions." He found the blood pressure no more than normal and no arteriosclerosis. The man was unable to work, at the time of the first examination and since. In his opinion the pneumoconiosis was the primary cause of disability, the pericardiac heart secondary and due to the pneumoconiosis, the heart and lungs being situated in the same thoracic cavity, a condition in one naturally may involve the other. The three physicians agreed in the opinion that pneumoconiosis was a cause of claimant's disability; they

differed only as to the extent to which the incapacity is attributable to it. The medical expert called by the respondent had examined the claimant only on May 17th, 1927, and was of the opinion that he then had an early second stage pneumoconiosis, not disabling. He also expressed the opinion that when an individual is removed from the conditions which cause pneumoconiosis it does not progress further, and that comparison of X-ray plates of the claimant taken in May, 1927, with others taken in February, 1928, showed no evidence of progression.

It was the province of the commissioner to accept the evidence which seemed to him to be credible and the more weighty. We cannot say that, in this case, the adoption of that which ascribed the claimant's disability to his pneumoconiosis, to the exclusion, as a material element, of other contributing causes suggested by some of the witnesses, was so unreasonable as to warrant interference by the trial court. *Kosik* v. *Manchester Construction Co.*, 106 Conn. 107, 109, 136 Atl. 870; *Cishowski* v. *Clayton Mfg. Co.*, 105 Conn. 651, 655, 136 Atl. 472; *Driscoll* v. *Jewell Belting Co.*, 96 Conn. 295, 299, 114 Atl. 109; *Sortito* v. *Prudential Ins. Co.*, 108 Conn. 163, 166, 142 Atl. 808.

It is to be noted, also, that the finding of May, 1927, was that the claimant then had a first stage pneumoconiosis and was not disabled. It is found, justifiably, upon the evidence of the only physician who examined him at the time, that the claimant was incapacitated not later than June 11th, following. No new disease or other cause is disclosed or suggested which would account for such a change in his ability to work, while all of the medical evidence is in agreement that then or thereafter his pneumoconiosis was second stage, at least. These considerations tend to controvert such testimony as there is to the effect that the pneumo-

coniotic condition would not and did not progress, at least so far as concerns the claimant's ability to work, and to confirm the conclusion that his incapacity was due thereto.

There is no error.

In this opinion the other judges concurred.