EDITH BROOKS RICHARDSON *vs.* THE CITY OF NEW HAVEN ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 4th, 1931—decided February 23d, 1932.

*Harold K. Watrous,* with whom, on the brief, was *Daniel G. Campion,* for the appellants (defendants).

*George E. Beers* and *William L. Beers,* for the appellee (plaintiff).

HINMAN, J.   The commissioner's finding of facts material to the questions raised by this appeal is extremely brief and lacking in detail.   It is that the decedent on March 27th, 1931, was, and for several years prior thereto had been, employed as a fireman by the employer-respondent.   Shortly after eight o'clock on the morning of that day, while driving a hook and ladder truck to a fire, at the corner of Fountain and Davis Streets, in the course of his employment, he suffered a strain of the heart muscle, the effect of which caused his death about eleven o'clock the same morning.   It is undisputed, however, that at all times prior to that day he had been in good health and actively and regularly engaged in his work; that the truck which he was operating was a substitute truck which was difficult to steer, and that while turning a corner he felt something give in the region of his left shoulder, on his return to the fire-house he complained of a pain in the region of his left shoulder and "kept rubbing his chest"; and that death ensued the same morning as above related.   It is also admitted that on the autopsy the heart showed an infarct, which is an area of dead tissue caused by lack of nourishment thereto through interference, by obstruction of an artery or arteries, with the blood supply to that particular area.

The trial court held, and in this we concur, that al-

though the medical testimony was conflicting, the commissioner was justified upon the evidence in finding, as he did, that the cause of death was heart strain from steering the truck, and further held that instead of the correction sought by the appellants to the effect that the expectancy of the decedent, in view of his heart disease, was not more than two years, the commissioner reasonably could have found from medical testimony that he "might have lived out his allotment of years." The facts above stated, which include all the material corrections of the finding to which the appellants are entitled, clearly establish an accidental injury arising out of and in the course of the decedent's employment, and the requisite causal relation between the accident and his death.

The finding also precludes adoption by us of the contention of the appellants that the correct conception of the situation is that the exertion of steering the truck aggravated a pre-existing heart disease, and that compensation should be allowed, as provided in § 5223 of the General Statutes, only for the aggravation reasonably attributable to the injury from such exertion. The case is markedly distinguishable from *Biederzycki v. Farrell Foundry & Machine Co.*, 103 Conn. 701, 131 Atl. 739, where a workman, having a long standing diseased condition of the heart, while at his work but without any special lift or strain or other definite accidental injury, suddenly collapsed and became incapacitated, and other similar cases to which apportionment has been held applicable. An amendment (Public Acts, 1927, Chap. 307, § 7) of what is now § 5223 of the General Statutes provided for apportionment in cases of aggravation of pre-existing disease resulting in death, as well as in those in which the consequence is disability. However, as stated in the *Biederzycki* case, p. 706, "death is a fixed fact," and the practical

difficulties of application of apportionment in most instances are apparent. Such apportionment would be impracticable upon the facts of the present case, especially in the absence of a finding, such as that sought by the appellants, limiting the decedent's expectation of life, by which the relative effects of the definite injury from strain and his prior physical condition upon the length of his life might be susceptible of determination. The burden is upon the respondents to establish the facts requisite to an apportionment. *Rousu* v. *Collins Co.*, 114 Conn. 24, 157 Atl. 264.

Moreover, legislative amendment and judicial construction have worked no such change in our compensation law that, in such a case as this, where there is sustained an accidental injury definitely located as to time and place, the existence of constitutional conditions or latent tendency predisposing the employee to suffer such injury deprives him or his dependents of a right to recover for the consequences attributable to that injury, and relegates him to compensation on the basis of acceleration or aggravation of pre-existing ailment, only. The employer of labor still so takes his workman as he finds him that compensation is not made to depend upon his freedom from liability to accidental injury through constitutional or physical weaknesses or tendencies when, as here, it is found that he actually sustained such an injury. *O'Brien* v. *Wise & Upson Co., Inc.* (1928) 108 Conn. 309, 316, 143 Atl. 155; *Santini* v. *Levin,* 110 Conn. 248, 251, 147 Atl. 680; *Hartz* v. *Hartford Faience Co.,* 90 Conn. 539, 543, 97 Atl. 1020. The facts do not require apportionment and limitation of the compensation period as the appellants claim.

There is no error.

In this opinion the other judges concurred.