ROSE SENZAMICI *vs.* WATERBURY CASTINGS COMPANY
ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 8th—decided August 2d, 1932.

*Harold K. Watrous,* with whom, on the brief, was *Daniel G. Campion,* for the appellants (defendants).

*William B. Hennessy,* with whom, on the brief, was *John B. Greco,* for the appellee (plaintiff).

AVERY, J.  The claimant was the wife of the deceased, Frank Senzamici, and lived with him up to the time of his death, April 13th, 1928.  The deceased was employed in defendant's foundry at Waterbury.  He contracted influenza, which later resulted in pneumonia from which he died.  The commissioner held that the claimant did not show that the influenza and pneumonia from which the deceased died were causally connected with his employment, and dismissed the plaintiff's claim for compensation as his widow.

On appeal to the Superior Court, that court cor-

rected the finding in many respects, the decision of the commissioner was reversed and the cause remanded with direction to make an award in favor of the claimant, the court being of opinion that the facts conclusively established that the conditions of the deceased's employment were causally connected with the disease from which he died. The correctness of this ruling of the trial court is the matter involved in this appeal.

The finding of the commissioner states the following facts: The deceased worked loading pig iron onto hand trucks, wheeling it into the foundry and putting it in the furnace. It was hot at the furnace mouth, and when he went out of doors, it was cold. He spent more of his time outside than around the furnace. The weather for the time of the year was normal. The deceased contracted a cold which later resulted in a more serious condition. Influenza is a germ disease. The claimant did not show that the influenza and the pneumonia from which the deceased died were causally connected with his employment.

The instant case was determined under the compensation law as amended in 1919 and 1921, both parties having agreed that the amendment of 1927 (Public Acts, 1927, Chap. 307, § 7), referring to weakened resistance and lowered vitality, had no bearing upon the disposition of this case, for the reason that that Act was not signed by the Governor within the time required by the Constitution, and was invalid. *State* v. *McCook*, 109 Conn. 621, 147 Atl. 126.

The real claim of the plaintiff is that the resistance of the deceased was weakened by his employment. In regard to such a claim, we said, in *Madore* v. *New Departure Mfg. Co.*, 104 Conn. 709, 713, 718, 134 Atl. 259: "The causal connection required to be established is, that the employment was the proximate

cause of the injury, and this rule obtains whether the injury be the result of accident or disease. . . . Before he can make a valid award the trier must determine that there is a direct causal connection between the injury, whether it be the result of accident or disease, and the employment. The question he must answer is, was the employment a proximate cause of the disablement, or was the injured condition merely contemporaneous or coincident with the employment? If it was the latter there can be no award made. . . . In and of itself weakened resistance, neither under the amendment of 1919 nor under that of 1921, can be held to be a personal injury." In the case of *Norton* v. *Barton's Bias Narrow Fabric Co.*, 106 Conn. 360, 364, 365, 138 Atl. 139, we said: "It is not sufficient that the conditions of the employment contributed to some undefined degree to bring on the disability from which the employee suffers. In the production of results many circumstances often play a part of so minor a character that the law cannot recognize them as causes. . . . The social philosophy back of the law requires that the employer shall be responsible for the incapacity resulting from injury or disease within its scope, if the employment or the conditions incident to it are the efficient cause in the production of that incapacity, and that he should not be responsible, if that incapacity would have come about without the intervention of the employment or the conditions incident to it, or if they played only a minor or incidental part in producing it."

The motion to correct the commissioner's finding sought to add a large number of facts as to the condition of the deceased's employment, its effect upon him in weakening his resistance to disease, and the circumstances of his illness and death. The purpose evidently was to substantiate the claim that the only

reasonable conclusion from the finding as corrected would be that there was a causal connection between the conditions of the deceased's employment and his death. Many of the facts sought to be added are beyond question undisputed. The reason which the commissioner gave for not inserting them in the finding, that the subordinate facts stated in it were sufficient as a basis for the ultimate conclusion, was not a good ground for his denial of the motion to correct. To refuse to find the facts which a party seeks to have stated because the commissioner deems them unnecessary or immaterial is not ordinarily fair to the parties, the court or the State and its officers. It is not fair to the parties because they are entitled to have found such proven facts as they deem it necessary to present to the court upon the appeal; and a motion to correct the finding presented to the court cannot take the place of action by the commissioner, because it can add only admitted or undisputed facts while the commissioner should find the facts which he deems proven, though the evidence as to them be conflicting. It is not fair to the court, because it puts upon it a burden and a study of the evidence which action by the commissioner would in many instances make unnecessary. It is not fair to the State and its officers, for it requires the preparation of records unnecessarily voluminous.

However, the disposition of the case before us does not require a detailed consideration of the correctness of the action of the trial court upon the motion. That motion in no way attacks the conclusion of the commissioner that the plaintiff did not show that the influenza and the pneumonia of which the deceased died were causally connected with his employment. An examination of the evidence printed in connection with the motion to correct the finding makes it clear

that this conclusion of the commissioner was not simply an inference drawn by him from the subordinate facts proven but was supported by the direct testimony of medical experts.

Much medical testimony was heard before the commissioner. It was the contention of the doctors called by the claimant that the deceased's death was connected with his employment because of lowered resistance to disease due to his employment. On the other hand, it was claimed by physicians produced on behalf of the defendant that influenza is a germ disease, and considering the fact that he had been employed at that work for ten years and was accustomed to it, and taking into consideration his physique, the defendant's physicians were of opinion that there was no causal connection between his death and the conditions of his employment. The compensation commissioner, upon the conflicting testimony produced before him, found as a fact that the deceased's death did not arise out of and was not caused by conditions of his employment.

The opinion of the medical experts was apparently based upon all the circumstances in evidence. If all the facts which might properly be added to the finding were inserted, there would be nothing which would prevent the commissioner giving credence to the testimony of the medical witnesses offered by the defendant. The evidence upon this point having been conflicting, the finding of the commissioner, based upon this conflicting evidence, must stand, and neither the Superior Court nor this court can disturb it. *Bailey* v. *Mitchell*, 113 Conn. 721, 724, 156 Atl. 856; *Jadovich* v. *Collins Co.*, 109 Conn. 62, 66, 145 Atl. 25; *Kosik* v. *Manchester Construction Co.*, 106 Conn. 107, 136 Atl. 870; *Driscoll* v. *Jewell Belting Co.*, 96 Conn.

295, 299, 114 Atl. 109; *Richardson* v. *New Haven,* 114 Conn. 389, 158 Atl. 886.

There is error; the cause is remanded to the Superior Court with direction to enter judgment dismissing the appeal.

In this opinion the other judges concurred.