ADELE TIPPMAN *vs.* THE STATE OF CONNECTICUT ET AL.

MALTBIE, C. J., HAINES, HINMAN, AVERY and PEASLEY, Js.

Argued June 13th—decided July 27th, 1934.

*Thomas R. Robinson* and *Elmer J. Ryan,* with whom, on the brief, was *Alfred C. Baldwin, Jr.,* for the appellant (plaintiff).

(1)

*Robert L. Halloran,* with whom, on the brief, was *Wilson C. Jainsen,* for the appellees (defendants).

AVERY, J. The plaintiff claims to recover under the provisions of the Workmen's Compensation Act for the death of her husband, Otto Tippman, an employee of the state highway department, who died of pneumonia March 2d, 1932. The commissioner denied compensation, and upon appeal to the Superior Court his conclusion was sustained and the appeal dismissed, and the case comes before us on an appeal by the plaintiff from that judgment. The question before the commissioner and the Superior Court was whether the deceased had suffered an injury which was compensable.

The finding, with such corrections as the appellant is entitled to, shows that the deceased had been in the employ of the state highway department as a surveyor's helper for a period of more than three years. He was a strong, healthy man about forty-five years of age and had never lost time from his work because of illness. He had been on a two weeks vacation and, on February 23d, 1932, returned to work. He left his home in Hamden at seven-thirty on the morning of February 24th and went to the office of the highway department in New Haven to work with a surveyor's crew. They left the office at about eight-forty and arrived on the job in Guilford at approximately nine-thirty, a distance of about twenty miles, which he traveled in a 1930 Chevrolet sedan which had no heating equipment. When the deceased went to work that day, he had a cold or coryza of a few days duration, and it was admitted that he had pneumonia at that time. After working about an hour, he complained of not feeling well and wrapped himself in a blanket in the automobile and attempted to get warm there and by a fire. At about three-thirty in the afternoon, hav-

ing completed the job, the crew left for New Haven, proceeding to Tippman's house, a distance of more than twenty miles, and arrived there at five o'clock in the afternoon. The temperature ranged between seventeen and twenty-nine degrees during the day, and a wind was blowing. When Tippman arrived at his home, he was chilly and pale, went straight to bed and, though the house was well heated, and he was covered with blankets, he continued to have chills for four or five days. On March 2d, 1932, he died of lobar pneumonia. The claimant asserted that the decedent had pneumonia from ten o'clock on the morning of February 24th and that the exposure while on the Guilford job materially contributed to cause his death and constituted a compensable injury within the meaning of the Compensation Act. This claim the commissioner found not proven and concluded that the decedent did not suffer a personal injury arising out of and in the course of his employment.

In *Linnane* v. *Aetna Brewing Co.*, 91 Conn. 158, 163, 99 Atl. 507, and *Galluzzo* v. *State*, 111 Conn. 188, 195, 149 Atl. 778, the employee died of pneumonia, and each case presented a picture of a strong and vigorous man exposed, in the course of his employment, to the conditions of weather more or less abnormal and severe. We held that the claimant was not entitled to compensation. The distinction sought to be made by the appellant is that in the present case the deceased had already contracted pneumonia and the exposure occurred thereafter, and the essential claim is that this exposure, in the course of his employment, was a contributing cause to his death; that an individual of his healthy constitution would not have died of pneumonia but that the exposure to which he was subjected imposed an additional strain upon his system which, superimposed upon the disease which he al-

ready had, could be regarded as an accidental injury within the meaning of the Act. The difficulty with this claim, as applied to the present case, is that the question was really one of fact. Both sides produced medical experts before the commissioner, and while those of the claimant were of opinion that the exposure to which the deceased was subjected upon that day aggravated the pneumonia and was a contributing cause of his death, the physicians called by the respondent testified with equal positiveness that those conditions were not a substantial factor either in producing or aggravating the pneumonia, and in no way materially affected the outcome. The ultimate conclusion of the commissioner was one of fact from this conflicting evidence with which we may not interfere. *Senzamici* v. *Waterbury Castings Co.,* 115 Conn. 446, 451, 161 Atl. 860; *Bailey* v. *Mitchell,* 113 Conn. 721, 724, 156 Atl. 856; *Jadovich* v. *Collins Co.,* 109 Conn. 62, 66, 145 Atl. 25; *Driscoll* v. *Jewell Belting Co.,* 96 Conn. 295, 299, 114 Atl. 109; *Kosik* v. *Manchester Construction Co.,* 106 Conn. 107, 136 Atl. 870; *Richardson* v. *New Haven,* 114 Conn. 389, 390, 158 Atl. 886.

It follows that no correction of the finding is permissible which would be of material advantage to the position of the appellant and the finding and award of the commissioner was properly sustained by the Superior Court.

There is no error.

In this opinion the other judges concurred.