MARTIN COVALESKI *vs.* RUSSELL & ERWIN DIVISION, AMERICAN HARDWARE CORPORATION ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued May 12th—decided June 10th, 1936.

*George J. Coyle* and *Cyril F. Gaffney,* for the appellant (plaintiff).

*Harold K. Watrous,* with whom, on the brief, was *Daniel G. Campion,* for the appellees (defendants).

PER CURIAM. From the subordinate facts found as to the industrial history of the plaintiff and from the medical evidence pertaining to the cause of his disability, the commissioner reached the conclusion that such exposure to silica dust as the plaintiff was subjected to during his employment by the defendants was not a material or substantial factor in the silicosis which disabled him. The appeal to the Superior Court sought by corrections of the finding to supplant this conclusion by one that plaintiff's silicosis was contracted as a result of his employment by the defendants. The trial court ruled that such corrections as to subordinate facts as the plaintiff might be entitled to would not materially affect the ultimate conclusion, and that to reverse the latter would be to find contrary to the commissioner upon conflicting medical

testimony. Our study of the record confirms this ruling. While the plaintiff called two medical witnesses whose testimony would indicate that the plaintiff's condition was traceable, at least in part, to his work for the respondents, the expert produced by the defendants—a specialist in diseases of the chest, of unquestionable qualifications—expressed a positive opinion that the plaintiff's work with the defendants was not a material factor in and did not materially contribute to his disability. This opinion was given after examination of X-rays of the plaintiff's lungs and in response to a hypothetical question fairly stating the evidential facts as to the plaintiff's industrial history. The commissioner was quite warranted in according decisive weight to it, and his resulting conclusion, being one of fact reached upon conflicting evidence, must stand. *Tippman* v. *State,* 119 Conn. 1, 4, 174 Atl. 296, and cases cited; *Lemieux* v. *Highland Dairy Co., Inc.,* 121 Conn. 483, 486, 185 Atl. 433.

There is no error.