JOHN FRANCIS FURMAN *vs.* NATIONAL DAIRY PRODUCTS CORPORATION ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 13th—decided November 3d, 1937.

*Frank Covello,* for the appellant (plaintiff).

*Millard Bartels,* for the appellees (defendants).

JENNINGS, J. The facts found are not subject to correction in any particular material to the decision of this appeal. The motion to correct the finding received careful attention from the commissioner and from the trial court.

The plaintiff had been employed by the defendant company for seven years as a refrigerator service man. His employer furnished him with an automobile. He was on regular duty part of the time and was on call at all other times, seven days a week, day and night. He had had an attack of heart trouble in 1934, diagnosed as cardio vascular disease accompanied by hypertension. November 17th, 1935, was a Sunday. The plaintiff was not on duty but about the middle of the afternoon received a call to service a machine in West Hartford. It was a rainy, slippery day, sleet was falling and driving was difficult. He left his home in Rocky Hill and drove rapidly down hill to the Silas Deane highway. As he proceeded thereon toward Bird Road, an automobile suddenly skidded out of Bird Road into the Deane highway. The plaintiff was startled, surprised and angered at the sudden approach of the car. He applied the brakes to his car and began to skid. Realizing that a collision would occur, he released the brakes and drove off the highway to his right and then into the highway again. Shortly

thereafter he began to experience a numbness in his right hand and arm which gradually spread through the whole right side of his body. He has been incapacitated ever since this occurrence.

The commissioner held that the claimant did not sustain any accidental or traumatic injury which arose out of and in the course of his employment. While the injury obviously arose in the course of the employment, the question of fact before the commissioner was whether or not it arose out of the employment. The medical experts were not in agreement. They diagnosed his condition as a cerebral hemorrhage or thrombosis. The great preponderance of the evidence supports the commissioner's finding that it was a thrombosis. There was a decided conflict in the testimony as to whether or not the experience of the plaintiff was a causal factor. The commissioner found that there was "absolutely no causal connection between the claimant's condition and the incident which he complains about" and dismissed the claim.

Of the cases cited by the plaintiff, that of *Louth* v. *G. & O. Mfg. Co.*, 104 Conn. 459, 133 Atl. 664, holds that the finding of the commissioner cannot be sustained unless supported by the subordinate facts. It also contains the statement (p. 462) that "It is evident that the commissioner accepted, as he had a right to do, the medical testimony offered by the plaintiff rather than that offered by the defendants." *Madore* v. *New Departure Mfg. Co.*, 104 Conn. 709, 714, 134 Atl. 289, is cited to the point that the medical opinion must be an honest one and one which the rational mind would reasonably reach upon the established facts. The citation is correct, but the honesty of the medical opinion is not impugned here and is based on facts which could reasonably lead to that conclusion. The finding was corrected in *MacFarquhar* v.

*Columbia Graphophone Co.*, 107 Conn. 73, 139 Atl. 684, because there was no evidence to support it.

The case of *Stier* v. *Derby*, 119 Conn. 44, 174 Atl. 332, is cited by the plaintiff as on all fours with the case at bar. While the facts are similar, the commissioner in that case found for the plaintiff and the defendants appealed. The rule on appeal is thus stated at page 51: "No autopsy was had in this case, and the evidence of the physicians as to just what took place in his heart was based upon opinion from the symptoms disclosed and the testimony as to excitement and over-exertion. The physicians called by the claimant testified to the effect that his activities upon the afternoon in question were a substantial factor in causing his death. The physicians called by the respondent considered that the condition of his heart was due to natural causes and in no way contributed to by the events of the afternoon. In view of this conflict in the medical testimony, the conclusion of the commissioner as to the cause of death cannot be successfully attacked on appeal. *Senzamici* v. *Waterbury Castings Co.*, 115 Conn. 446, 451, 161 Atl. 860; *Jadovich* v. *Collins Co.*, 109 Conn. 62, 66, 145 Atl. 25; *Driscoll* v. *Jewell Belting Co.*, 96 Conn. 295, 299, 114 Atl. 109."

The cases cited, with innumerable others, fully sustain the rule. No case is cited by the plaintiff, nor has any been found, where the commissioner, the trier of the fact, has been overruled when his conclusion is supported by substantial testimony. Such testimony being present in this case, the ruling of the trial court was correct.

There is no error.

In this opinion the other judges concurred.