[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DATED JUNE 3, 1992
Plaintiffs, Paul D'Elia, Harold Grover and Delissa Grover, bring this action against the City of New Britain, and various named and unnamed officers of the City of New Britain, claiming false arrest, malicious prosecution, intentional infliction of emotional stress, and violations of their federal rights under 42 U.S.C. § 1983 as the result of a murder prosecution for which D'Elia was ultimately acquitted. Defendants seek summary judgment in their favor on several counts.
1. Defendants seek summary judgment on Counts 1 and 4. In Count 1, Paul D'Elia alleges a 42 U.S.C. § 1983 violation against all defendants except the City of New Britain and New Britain Police Department. In Count 4, Paul D'Elia alleges false arrest, false imprisonment, defamation and malicious prosecution against all defendants (except certain members of the State Police, against whom the case has been withdrawn). Defendants claim that plaintiff D'Elia's arrest was pursuant to a valid arrest warrant approved by a judicial authority, and found to have been based on probable cause, and therefore, they are entitled to qualified immunity.
"An arresting officer is entitled to qualified immunity from a suit for damages on a claim for arrest without probable cause if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met" (citing Malley v. Briggs,475 U.S. at 341, 106 S.Ct. at 1096; Robison v. Via,821 F.2d at 921). In order to be entitled to summary judgment on such defense, the officer must adduce sufficient facts that no CT Page 10544 reasonable jury, looking at the evidence in the light most favorable to, and drawing all inferences most favorable to, the plaintiff, could conclude that it was objectively unreasonable for the officer to believe that probable cause did not exist." Golino v. City of New Haven. 950 F.2d 864,870 (2nd Circuit 1991).
The court believes that the complaint alleges sufficient facts from which a jury could conclude that it was objectively unreasonable for the officers to believe that probable cause existed to arrest the plaintiff.
Under Connecticut law on malicious prosecution, the existence of probable cause is a question of fact for the jury. LoSacco v. City of Middletown, 745 F. Sup. 812, 817
(D.Conn. 1990); Golino v. City of New Haven, supra.
2. In Count 2 plaintiffs allege a 42 U.S.C. § 1983 Monell violation against the City of New Britain.
Defendants seek summary judgment on Count 2 claiming that the plaintiffs have not sufficiently pled that the City of New Britain has a policy or custom of affording inadequate police training and investigation.
The language of 42 U.S.C. § 1983 provides in pertinent part as follows:
"Any person who, under color of any law, statute, ordinance, regulation, custom or language of any state, shall subject, or cause to be subjected, any person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution of the United States, shall, any such law, statute, ordinance, regulation, custom, or usage of the state to the contrary notwithstanding, be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress. . ." 17 Stat. 13. The U.S. Supreme Court has held that "when execution of a government's policy or custom, whether made by it's law makers or by those whose edicts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under 1983." Monell v. New York Dept. of Social Services, 436 U.S. 658. Furthermore, Monell has held that local governments maybe sued for constitutional deprivations visited pursuant to governmental custom even though such CT Page 10545 custom has not received formal approval through the government's official decision-making channels.
The issue before the court, then is whether the plaintiffs have properly alleged a violation of 1983. It has been held that some degree of specificity is required in the pleading of a custom or policy on the part of a municipality. The plaintiffs in the present case have alleged in their statement of facts a series of acts and omissions on the part of the defendant police officers and police department. "From this particularized pleading a pattern emerges that evidences deliberate indifference on the part of the police department." This raises an inference of "custom" or "policy" on the part of the police department. A complaint will survive dismissal "if it alleges a policy or custom of condoning police misconduct that violates constitutional rights and alleges `that the City's pattern of inaction caused the plaintiffs any compensable injury.'" Thurman v. City of Torrington, D. Connecticut (1984). 595 F. Sup. 1521, 1530 D.Conn. (1984; quoting Batista v. Rodriquez, 702 F.2d 393, 397-98 (2d Cir. 1983). What must be alleged as a basis for a 1983 liability are acts or omissions sufficiently harmful to evidence deliberate indifference to a plaintiff's constitutional rights. Smith v. Ambrogio, 456 F. Sup. 1130 (1978).
The court finds that the plaintiffs have alleged sufficient facts to indicate that the omissions of the police were sufficiently harmful to evidence deliberate indifference to the rights of Paul D'Elia.
3. Defendants seek summary judgment on Counts 9 and 10. In these counts, plaintiffs allege negligence on the part of name and unnamed defendants whose duties included supervisory and/or decision making and/or policy making duties. The defendants claim they are entitled to qualified official immunity because these counts involve the exercise of judgment or discretion. The court agrees. The training and supervision of police officers is a discretionary governmental duty. Gordon v. Bridgeport Housing Authority, 108 Conn. 161; Steibitz v. Mahoney, 144 Conn. 433. There is no allegation in these counts that involve malice, wantonness or intent to injure, rather than negligence.
4. In Counts 11 and 14 plaintiffs allege respondeat superior claims against all defendants under Count 1. General CT Page 10546 Statutes 7-465 imposes a duty of indemnification on the part of a municipal employer provided certain statutory notice preconditions are met. Such statute and its preconditions have not been pled. Therefore the statute is inapplicable.
5. Defendants seek summary judgment as to all counts as against unnamed defendants designated as "John Doe and/or Mary Moe." Inasmuch as this case is over four years old the court believes the plaintiffs have had ample time to identify the unnamed defendants.
Accordingly, the motion for summary judgment is denied as to Counts 1, 2 and 4. Summary judgment is granted as to Counts 9, 10, 11, 14 and all counts against unnamed defendants designated at John Doe and Mary Moe.
Allen, J.