MICHAEL MITALY *vs.* CROFUT & KNAPP ET ALS.

*MALTBIE, C. J., HAINES, HINMAN and AVERY, Js.

Argued June 13th—decided July 16th, 1934.

* By agreement of counsel this case was argued before four justices.

*John F. Chatfield* and *David A. Cronin,* for the appellant (plaintiff).

*Hugh J. Lavery,* with whom, on the brief, were *Paul Connery* and *George N. Finkelstone,* for the appellees (defendants).

HAINES, J. The claimant was employed by the Crofut & Knapp Company and thereafter by the Hodgshon-Berg Company, a subsidiary of the former, for approximately ten years, the last seven years as a finisher and renovator of hats. It was part of his duty to shake powder onto the hat and also to sandpaper the hat to bring out the smooth surface.

In November, 1930, the claimant was suffering from a violent cough and consulted a physician who treated him for a number of months for a cold. He continued to work until June, 1931, when he terminated his employment because of some disagreement with the employer. He claimed before the commissioner that he was suffering from tuberculosis superimposed on pneumoconiosis, and that this had resulted from the inhalation of dust in his work for the defendants. The commissioner found that he had worked in a well ventilated room, and that a study of the atmospheric conditions there showed a remarkable freedom from dust, and further that the conclusion of two experts on tuberculosis was that the claimant was suffering from pulmonary tuberculosis which was in no way connected with his employment. Upon this finding the commissioner dismissed the claim. The claimant appealed and also made several unsuccessful attempts to obtain a correction of the finding by the commissioner.

When the case reached the Superior Court the parties entered into a stipulation for the remanding of the case to the commissioner for such corrections or other alterations as he saw fit to make. The court entered an order accordingly and the claimant filed a new motion for correction before the commissioner with supporting testimony. The commissioner granted some of the requests for correction and denied others and these latter rulings were attacked by amended reasons of appeal. The court decided that the further changes desired were properly denied because of conflicting evidence, that the conclusions of the commissioner were supported by the amended finding as made, and dismissed the claimant's appeal. Both these conclusions are attacked in the appeal to this court.

The conclusion of the commissioner that the claimant was not suffering from an injury arising out of and in the course of his employment, is abundantly supported by the amended finding as it stands, and merits no discussion here.

It is conceded that primarily the present appeal rests upon the refusal of the commissioner and the court to further correct the finding of facts, and a considerable amount of evidence has been certified in this connection. In substance the commissioner added to his original finding, that the claimant's occupation required him to work at a bench, waist high, and the hat upon which the powder and sandpaper were used, was worked on a block on said bench; that the claimant's family history showed no tuberculosis; that his father, brothers and sisters showed no history or evidence of tuberculosis, and further that an X-ray examination alone will not determine a condition of pneumoconiosis, and cannot be considered a complete diagnosis of any condition.

The alleged facts which the claimant desired to have

incorporated in the finding and which were denied by the commissioner are, in substance and effect, that his work was done in close proximity to his nose and mouth, causing great quantities of dust and fur particles to permeate the air which he breathed and were thus taken into the claimant's lungs, and that this was not prevented by the ventilating and dust-collecting system installed in the factory. Some of the additions requested are merely evidential in character, having no place in the finding. The most important of the changes desired by the claimant, however, are the incorporation in the finding of the conclusions of some of the physicians whose testimony was offered in his behalf. The evidence shows a number of doctors had examined the claimant at different times, that various X-ray pictures had been taken and the claimant subjected to numerous tests. The evidence is replete with differentiations of symptoms and medical views as to the bearing of these different symptoms and physical conditions. The conclusions reached by the various tuberculosis and X-ray experts were not in accord as to the exact nature or cause of the disease from which the claimant is now suffering. Some of them concluded that it was a pneumoconiosis with tuberculosis superimposed, while others were of the opinion that there was no pneumuconiosis and that the claimant was suffering from plain pulmonary tuberculosis not caused by the employment. When doctors disagree under such circumstances, it is the function of the commissioner to reconcile their testimony so far as possible, and beyond that to adopt that view which appears to him the most credible, weighty and reasonable. "The credibility and weight of their testimony was, of course, for the commissioner to determine, and if the evidence of either medical witness, if accepted, was definite enough to justify the conclusion

by the commissioner as to the cause of the condition, the Superior Court may not substitute therefor its differing judgment of the preponderance of evidence and its consequences." *Kosik* v. *Manchester Construction Co.*, 106 Conn. 107, 109, 136 Atl. 870; *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 152, 153, 93 Atl. 246; *Driscoll* v. *Jewell Belting Co.*, 96 Conn. 295, 299, 300, 114 Atl. 109. "It is suggested that there is no absolute proof, but facts of this character are seldom, if ever, capable of conclusive proof. It is the function of experts, by study and experience, to furnish their opinions to the trier." *Cishowski* v. *Clayton Mfg. Co.*, 105 Conn. 651, 656, 136 Atl. 472.

The acceptance of the opinion of the defendants' medical experts rather than that of the experts for the plaintiff, was a proper exercise of the commissioner's function, and the conclusion he reached with all the evidence before him, being reasonable and supported by credible evidence, we cannot disturb even though we might ourselves have reached a different conclusion. Such changes as we could properly make in the finding as to the physical conditions under which the claimant worked, would not affect the result reached by the commissioner, and we must concur in the action of the Superior Court in dismissing the appeal.

There is no error.

In this opinion the other judges concurred.