SAMUEL HILLS *v.* SERVICEMASTER OF CONNECTICUT RIVER VALLEY, INC., ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued May 5—decided June 8, 1967

*John A. Berman,* for the appellant (plaintiff).

*Francis J. McCarthy,* with whom were *Frank E. Dully* and, on the brief, *Edward D. O'Brien,* for the appellees (defendants).

THIM, J.  The claimant seeks workmen's compensation for injuries which he sustained when he attempted to climb out of a moving elevator.  After a hearing, the commissioner made an award dismissing the claim.  The claimant appealed to the Superior Court, which, although it found that the claimant was entitled to have the commissioner's finding corrected in certain respects, dismissed the appeal.  The present appeal followed.

The commissioner's finding, as corrected by the Superior Court, reveals the following facts:  On the afternoon of June 6, 1963, the claimant, along with three other employees of the named defendant, was cleaning the interior of a large house on Prospect Avenue in West Hartford.  Within the house was a small elevator which ran between the first and second floors.  The claimant was working on the third floor, cleaning a chandelier.  After a time, he walked downstairs to the second floor and entered

the elevator. He did this despite earlier instructions from his group leader to stay away from the elevator. The claimant called to a fellow worker who was working on the second floor at the time. That worker joined the claimant in the elevator. As the elevator began to descend slowly, the claimant attempted to climb back onto the second floor landing. In the course of this attempt he was injured.

To be entitled to workmen's compensation, the claimant had the burden of proving that his injuries were sustained in the course of his employment and that they arose out of that employment. *Metall* v. *Aluminum Co. of America,* 154 Conn. 48, 51, 221 A.2d 260; *Woodley* v. *Rossi,* 152 Conn. 1, 4, 202 A.2d 136. As the injury occurred while the claimant was using the elevator, it was incumbent on him to prove that he was using the elevator in the course of his employment. The claimant and the other worker who was on the elevator with the claimant at the time of the accident testified, without direct contradiction, that they were using the elevator to go down to the first floor to get additional cleaning materials. The defendants' evidence was that the claimant had been instructed not to use the elevator. The commissioner expressly found that the claimant had not proved that he was using the elevator to get cleaning materials. The claimant assigns error in this finding. He claims the finding is unreasonable in view of the uncontradicted testimony on this point. We disagree. It was the duty of the commissioner, as trier, to judge the credibility of the witnesses and to accept or reject their testimony accordingly. *Solari* v. *Seperak,* 154 Conn. 179, 183, 224 A.2d 529; *Skinner* v. *Skinner,* 154 Conn. 107, 110, 221 A.2d 848. A trier is certainly not required

to believe testimony merely because it is not directly contradicted. *Antenucci* v. *Hartford Roman Catholic Diocesan Corporation,* 142 Conn. 349, 357, 114 A.2d 216; *Taylor* v. *Corkey,* 142 Conn. 150, 154, 111 A.2d 925.

The claimant contends that, even if the commissioner was justified in not believing that the elevator was being used by the claimant in the course of his employment, the fact that the claimant was injured while he was attempting to return to his area of employment should entitle him to compensation. This assertion presupposes the existence of a certain fact which is not in the finding. There is nothing to indicate that the claimant, by attempting to climb out of the elevator, was endeavoring to return to his area of employment. The mere fact that he tried to get off the elevator at the second floor does not conclusively establish that he was in the process of returning to his work area on the third floor. Indeed, the commissioner's unchallenged finding on this point, which is supported by the claimant's own testimony, was that the claimant tried to get off the elevator simply because he became alarmed. There is nothing to indicate that the claimant's attempt to get off the elevator was motivated by a desire to return to his area of employment. Therefore, we need not decide whether an injury occasioned by an employee's attempt to return to his area of employment would be compensable under the Workmen's Compensation Act. General Statutes, c. 568.

There is no error.

In this opinion the other judges concurred.