### BENNIE EPPS *v.* BEIERSDORF, INC., ET AL.
### (14847)

Dupont, C. J., and Spear and Hennessy, Js.

Submitted on briefs February 13—officially released May 21, 1996

*Lawrence D. Church* filed a brief for the appellant (plaintiff).

*Michael T. Bologna* filed a brief for the appellees (defendants).

SPEAR, J. The plaintiff appeals from the decision of the workers' compensation review board (board) affirming the compensation commissioner's dismissal of the plaintiff's claim for workers' compensation benefits. The plaintiff claims that the board improperly found that his workplace exposure to chemicals was not an aggravating factor or substantial causal factor that worsened his preexisting respiratory condition. The plaintiff also claims on appeal that the board improperly failed to find that his diagnosed occupational disease, industrial bronchitis, was entirely compensable by his employer. We agree with the plaintiff's first claim, but not with his second. Accordingly, we reverse the decision of the board and remand the case for further proceedings.

The record discloses the following relevant facts and procedural history. The plaintiff was employed as a chemical compounder at Beiersdorf, Inc. (employer), from 1985 through October 30, 1990. His responsibilities during this time involved working in a room with no windows or ventilation, mixing chemicals with a paddle in a large vat.

In 1987, the plaintiff received treatment for a viral infection and began to experience pain in his chest and shortness of breath. He also complained of episodes where he had spit up blood. These symptoms persisted until October 30, 1990, at which time the plaintiff sought medical treatment at Stamford Hospital. The treating physician at the hospital released the plaintiff to return to light duty work, but on November 5, 1990, he was authorized to leave work when his symptoms persisted.

The plaintiff began treatment at Yale-New Haven Hospital. Garland Jackson, a physician specializing in occupational medicine, diagnosed the plaintiff's condition

as industrial bronchitis that "is more probably than not a direct result of [his] employment at Beiersdorf, Inc." The employer's insurance carrier then arranged for the plaintiff to be examined by Thomas Godar, an independent medical examiner specializing in pulmonary diseases. Godar concluded that the plaintiff's "workplace exposure was not the cause of his condition, but was an aggravating factor on his already existing hyperreactive airways, upon which was superimposed [the plaintiff's] 1987 viral infection, inducing clinical asthma." Godar also testified that the plaintiff was able to return to work as of June, 1991, provided that he would not be exposed to volatile chemicals. Both physicians testified that the plaintiff has a permanent partial disability of each lung.[1]

The commissioner, in dismissing the plaintiff's claim for benefits, found that the plaintiff had failed to sustain his burden of proving that he sustained an injury or disease arising out of and in the course of his employment. The board affirmed the decision of the commissioner and this appeal followed.

Pursuant to the statutory provisions governing workers' compensation claims, "[a] disease is compensable as an injury . . . if it arises out of and in the course of the employment . . . and . . . if it is an occupational disease that is peculiar to the occupation in which the employee was engaged . . . ." (Citations omitted; internal quotation marks omitted.) *Hansen* v. *Gordon*, 221 Conn. 29, 32, 602 A.2d 560 (1992); see also General Statutes § 31-275 (1) and (15). Furthermore, § 31-275 (1) (D) provides for compensation where the employee's employment causes an aggravation of a preexisting disease. Compensation for such aggravation, however,

---

[1] Jackson testified that the plaintiff has a 15 percent disability of each lung whereas Godar testified that the permanent partial disability totaled 10 percent.

"shall be allowed only for that proportion of the disability . . . due to the aggravation of the preexisting disease as may be reasonably attributed to the injury upon which the claim is based." General Statutes § 31-275 (1) (D); see also *Prisco* v. *North & Judd,* 10 Conn. Workers' Comp. Rev. Op. 154, 156 (1992).

I

The plaintiff claims that the commissioner improperly determined that he had not proved that his continued employment aggravated his preexisting respiratory disease. "In viewing the [issue] raised in this case, we are mindful of the remedial purposes of the Workers' Compensation Act and that it should be broadly construed to accomplish its humanitarian purpose." (Internal quotation marks omitted.) *Hansen* v. *Gordon,* supra, 221 Conn. 32, quoting *Adzima* v. *UAC/Norden Division,* 177 Conn. 107, 117, 411 A.2d 924 (1979); see also *Ash* v. *New Milford,* 207 Conn. 665, 672, 541 A.2d 1233 (1988). "Nevertheless, we also recognize that the legislature did not intend . . . to transform the Workers' Compensation Act into a general health and benefit insurance program . . . ." *Hansen* v. *Gordon,* supra, 32.

"In reviewing the factual determinations of the commissioner, the review [board's] scope of review is limited. The review [board] may not disturb the conclusions that the commissioner draws from the facts found unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." *DeBarros* v. *Singleton,* 21 Conn. App. 107, 110, 572 A.2d 69, cert. denied, 215 Conn. 808, 576 A.2d 538 (1990); see also *Fair* v. *People's Savings Bank,* 207 Conn. 535, 538–39, 542 A.2d 1118 (1988). "Our scope of review of the actions of the review [board] is similarly limited. . . . The decision of the review [board] must be correct in

law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Internal quotation marks omitted.) *Capen* v. *General Dymanics Corp.*, 38 Conn. App. 73, 79–80, 659 A.2d 735 (1995), quoting *Borent* v. *State*, 33 Conn. App. 495, 499, 636 A.2d 392 (1994).

Applying these principles to the facts of this case, we conclude that the record contains no evidence on which the commissioner could have reasonably relied in determining that the plaintiff's exposure to chemicals while employed as a compounder did not aggravate his preexisting respiratory condition. While we recognize that great deference is afforded to the commissioner's conclusions; *Six* v. *Thomas O'Connor & Co.*, 235 Conn. 790, 801, 669 A.2d 1214 (1996); our review of the record reveals only facts that support a finding that the plaintiff's respiratory condition was aggravated by his constant exposure to chemicals. Where the commissioner's conclusion is not sustainable by the underlying facts or reasonably supported by the evidence, we have the authority to disturb that conclusion on appeal. Id., 799.

The board, in reviewing the decision of the commissioner, addressed Godar's testimony that the plaintiff's workplace exposure was an "aggravating factor." The board found that it was within the commissioner's discretion to interpret such testimony so as to preclude the application of § 31-275 (1) (D). The board concluded that "it is clear from the substance of [Godar's] testimony that he was referring to the tendency of the chemicals to irritate the condition the claimant had acquired as a result of the viral infection, and not to a worsening of the claimant's condition caused by his exposure to 'nonspecific irritants.' " Relying on this interpretation of the testimony, the board concluded that "the commissioner could reasonably have relied on . . . Godar's testimony in concluding that the [plaintiff] did not prove that his disease was caused or aggravated by occupational

exposure within the meaning of the Workers' Compensation Act." We disagree with the board's conclusion.

Our review of the record reveals uncontradicted medical testimony indicating that the plaintiff's constant workplace exposure to chemicals aggravated his respiratory condition. Only two physicians testified before the commissioner. Jackson, the plaintiff's treating physician at Yale-New Haven Hospital, testified that the plaintiff's industrial bronchitis "is more probably than not a direct result of [his] employment at Beiersdorf, Inc." Godar, an independent medical examiner retained by the employer's insurance carrier, then testified that the plaintiff's "workplace exposure was not the cause of his condition, but was an aggravating factor on his already existing hyper-reactive airways . . . ." The board interpreted this testimony to support the conclusion that the plaintiff's exposure irritated, but did not aggravate, his preexisting respiratory condition within the meaning of § 31-275 (1) (D). This interpretation, however, overlooks a fundamental tenet of workers' compensation law, namely that an employer takes the employee in the state of health in which it finds the employee. See *Cashman* v. *McTernan School, Inc.*, 130 Conn. 401, 409, 34 A.2d 874 (1943); *Prisco* v. *North & Judd*, supra, 10 Conn. Workers' Comp. Rev. Op. 157. Furthermore, Godar used the word "aggravating" and not "irritating." We conclude, therefore, that the plaintiff established that his condition was, indeed, aggravated by his employment as a chemical compounder within the meaning and spirit of § 31-275 (1) (D), and that the commissioner's contrary finding is not supported by the subordinate facts.

## II

The plaintiff also claims on appeal that the board improperly failed to find that his diagnosed occupational disease, industrial bronchitis, was entirely com-

pensable by his employer. The plaintiff's claim is contrary to the plain language of § 31-275 (1) (D) and relevant case law interpreting that statute.

Section 31-275 (1) (D) entitles an employee whose preexisting disease is aggravated by his or her employment to be compensated for that aggravation. Compensation, however, "shall be allowed only for that proportion of the disability . . . due to the aggravation of the preexisting disease as may be reasonably attributed to the injury upon which the claim is based." General Statutes § 31-275 (1) (D). The plaintiff relies on our Supreme Court's decision in *Henry* v. *Keegan*, 121 Conn. 71, 75, 183 A. 14 (1936),[2] for the proposition that the employer bears the burden of proving the extent of the aggravation. The plaintiff also asserts that where an employer fails to prove what portion of an employee's disease is attributable to the workplace exposure, that employee shall be entitled to full compensation for treating the disease. See *Romaniec* v. *Collins Co.*, 107 Conn. 63, 66–67, 139 A. 503 (1927). We conclude that the application of this latter principle to the facts of this case is inappropriate.

The commissioner determined that the plaintiff had not suffered a workplace injury or disease. Consequently, the employer did not submit evidence on the issue of apportionment. Our conclusion that the plaintiff did, in fact, sustain a compensable injury now necessitates a determination as to what proportion of the

---

[2] The decision in *Henry* was subsequently overruled on other grounds in *Cashman* v. *McTernan School, Inc.*, supra, 130 Conn. 409. In *Henry* v. *Keegan*, supra, 121 Conn. 71, the Supreme Court determined that the statutory provision providing for the apportionment of liability applied to all diseases. Subsequent to that decision, the Supreme Court in *Cashman*, relying on its earlier decision in *Bongialatte* v. *Lines Co.*, 97 Conn. 548, 552, 117 A. 696 (1922); concluded that the provision applies only to occupational diseases. In the present case, the record clearly indicates, and the plaintiff concedes in his brief, that his industrial bronchitis constitutes an occupational disease.

disease is attributable to the aggravation he suffered while employed as a chemical compounder. This determination can be made by the commissioner only after conducting a hearing on the issue. See *Cashman* v. *McTernan School, Inc.*, supra, 130 Conn. 409 (Supreme Court remanded case to commissioner to determine extent of employer's liability).

The decision of the workers' compensation review board is reversed and the case is remanded to the board with direction to remand the case to the commissioner to determine the extent of the employer's liability for compensation.

In this opinion the other judges concurred.