RENATE BARRON *v.* CITY PRINTING
COMPANY ET AL.
(AC 18407)

Foti, Landau and Sullivan, Js.

Argued May 3—officially released September 28, 1999

*William C. Brown,* for the appellant (defendant Chubb and Son, Inc.).

*Brian E. Prindle,* for the appellees (Helmsman Management Services, Inc., et al.).

*Jason M. Dodge,* for the appellee (defendant ITT Hartford Insurance Group).

*David W. Schoolcraft,* for the appellee (Compu-Color, Inc.).

*Opinion*

FOTI, J. The defendant insurer Chubb and Son, Inc. (Chubb), appeals from the decision of the workers' compensation review board (board), which affirmed the commissioner's decision to refuse to apportion liability for the plaintiff's claim for benefits. On appeal, Chubb claims that the board improperly (1) denied its claim for apportionment, (2) considered facts outside

the record in reaching its conclusion that the commissioner had acted reasonably, (3) affirmed the commissioner's finding of fact concerning the decedent's exposure to chemicals in the workplace and (4) affirmed the commissioner's decision because the commissioner had improperly drawn an unfavorable inference from the fact that certain physicians had not addressed the issue of causation. We affirm the decision of the board.

The following facts are relevant to this appeal. The plaintiff's husband, George Barron, was diagnosed as having lung cancer in September, 1983, and died on September 9, 1984. Alleging that Barron's cancer was caused by exposure to toxic chemicals at work, his widow filed a notice of claim for workers' compensation benefits dated April 10, 1985. On May 10, 1988, following a formal hearing on the matter, the commissioner issued a preclusion order against Barron's former employer, City Printing Company (City Printing), for failing to file a timely disclaimer denying the claim pursuant to General Statutes (Rev. to 1983) § 31-297 (b). As a result of this preclusion order, City Printing was conclusively presumed to have accepted the compensability of Barron's injury.

During the time period when the notice of claim for benefits was filed and the preclusion order was issued, City Printing was insured by Chubb. As the insurer of the employer who had last employed Barron prior to the filing of the claim, Chubb assumed liability for paying benefits to Barron's widow pursuant to General Statutes § 31-299b.[1] Claiming that Barron's cancer was caused by

---

[1] General Statutes § 31-299b provides in relevant part: "If an employee suffers an injury or disease for which compensation is found by the commissioner to be payable according to the provisions of this chapter, the employer who last employed the claimant prior to the filing of the claim, or the employer's insurer, shall be initially liable for the payment of such compensation. . . . "

exposure to toxins over the course of his professional career in the printing business, Chubb sought to apportion liability among Barron's former employers and their insurers. One of those insurers was ITT Hartford Insurance Group (ITT Hartford), which had insured City Printing prior to Chubb. Chubb argued that because ITT Hartford had insured City Printing during part of the time in which Barron allegedly had been exposed to chemicals,[2] ITT Hartford was liable for a portion of the claim against City Printing.

On December 3, 1996, after considering evidence from physicians, toxicologists and Barron himself,[3] the commissioner found that Barron's lung cancer was the result of a two-pack-a-day smoking habit and had not been caused by exposure to chemicals in the workplace. Accordingly, the commissioner denied Chubb's request for apportionment. On April 29, 1998, the board affirmed the commissioner's decision. This appeal followed.

As a preliminary matter, we must first address ITT Hartford's claim that Chubb is barred from seeking apportionment because it failed to file an appeal in a timely manner in response to the May 10, 1988 preclusion order. As authority for this argument, ITT Hartford cites General Statutes (Rev. to 1983) § 31-300. Section 31-300, however, is inapposite to Chubb's claim. Chubb is seeking apportionment pursuant to § 31-299b. Failure to file an appeal contesting a preclusion order in a timely manner does not foreclose an insurer's right to apportionment under § 31-299b and, therefore, we will address Chubb's appeal.

---

[2] The record indicates that ITT Hartford insured City Printing for the first twelve months of Barron's employment and that Chubb insured City Printing for Barron's remaining twenty-four months of employment.

[3] Prior to his death, Barron gave a sworn statement that was transcribed and entered as an exhibit in the proceeding before the commissioner.

## I

Chubb first claims that the board acted improperly in denying its claim for apportionment. We disagree.

In an appeal from a workers' compensation decision, the commissioner's conclusions drawn from the facts must stand unless they result from an illegal or unreasonable inference from the facts or an incorrect application of the law to the subordinate facts. *Fair* v. *People's Savings Bank*, 207 Conn. 535, 539, 542 A.2d 1118 (1988). Our scope of review of a decision by the board similarly is limited. *DeBarros* v. *Singleton*, 21 Conn. App. 107, 110, 572 A.2d 69, cert. denied, 215 Conn. 808, 576 A.2d 538 (1990).

Initially, we note that Chubb argues that the commissioner never addressed its claim for apportionment against ITT Hartford. We disagree. In this case, it is clear that the commissioner determined that the claim did not qualify for apportionment as to Barron's former employers or as to ITT Hartford. The commissioner specifically found that the 1988 preclusion order applied to City Printing and its insurer of record at the time, Chubb. By inference, it is clear that the commissioner found that the preclusion order did not apply to ITT Hartford. Such a decision was reasonable given that Chubb was the carrier on the risk when notice of the claim was tendered and when the preclusion order was issued.

Once the commissioner found that ITT Hartford was not covered by the preclusion order, the issue became one of apportionment. By failing to file a notice contesting liability, City Printing was conclusively presumed to have accepted the compensability of Barron's condition. See *Black* v. *London & Egazarian Associates, Inc.*, 30 Conn. App. 295, 304, 620 A.2d 176, cert. denied, 225 Conn. 916, 623 A.2d 1024 (1993). To avoid liability for the entire amount of the claim, Chubb, as

City Printing's insurer, had the burden of proving that Barron sustained his injuries while working for another employer or while covered by another insurer. See General Statutes § 31-299b. The commissioner, however, specifically found that Barron's cancer resulted from smoking and was unrelated to any exposure to chemicals in the workplace. The commissioner, therefore, decided that compensability could not be apportioned among Barron's former employers or insurers, including ITT Hartford.

As support for its assertion that ITT Hartford should share liability for benefits payments, Chubb relies on *Plecity* v. *George McLachlan Hat Co.*, 116 Conn. 216, 228, 164 A. 707 (1933). In *Plecity*, a workers' compensation claimant's injuries were the result of cumulative exposure to mercury over a time period that spanned coverage by two insurers. Finding that both insurers should share liability, the court held that policies should be construed as imposing an obligation on an insurer to pay compensation for any compensable disease arising out of the employment during the dates of the policy period. Id., 228–29.

In the present case, however, Barron's injuries were not caused by his employment but by his smoking habit. What essentially would have been a noncompensable workers' compensation claim became a compensable claim due to City Printing's failure to file a notice contesting liability in a timely manner. That error occurred while City Printing was insured by Chubb, not by ITT Hartford. Because no actual workplace injury occurred at any time, it would have been improper to hold City Printing's prior insurers responsible for a failure that occurred during Chubb's coverage period.

II

Chubb next claims that the board improperly considered facts or materials not in evidence in concluding

that the commissioner acted reasonably in refusing to apportion liability to ITT Hartford. Our role is to determine whether the board's decision results from an incorrect application of the law to the subordinate facts or from an inference unreasonably drawn from them. *Aurora* v. *Miami Plumbing & Heating, Inc.*, 6 Conn. App. 45, 47, 502 A.2d 952 (1986). We conclude that the board did not unreasonably affirm the commissioner's decision.

Chubb's chief argument regarding this issue concerns the board's reference to a September, 1987 letter.[4] Chubb contends that the board should not have considered this letter when deciding that the commissioner reasonably concluded that the preclusion order did not apply to ITT Hartford. According to Chubb, this letter never was admitted into evidence, and it was, therefore, improper for the board to consider it in its decision to affirm the commissioner's ruling. ITT Hartford counters that the letter was made part of the record and may be considered as a pleading in this case. Regardless of whether the September, 1987 letter was part of the record, we conclude that there was sufficient evidence, independent of the disputed letter, to support the board's finding that the commissioner's decision was not unreasonable.

For example, the caption of the May 10, 1988 preclusion order against City Printing lists Chubb as City Printing's insurer. Also, the record contains sufficient evidence to support the finding that Chubb was the insurer of record for City Printing at the time the notice of claim was tendered and the preclusion order issued. On the basis of those examples, we find that the board properly affirmed the commissioner's decision.

---

[4] Chubb's brief refers to a "December, 1987" letter, but the board's decision mentions only a September, 1987 letter.

### III

Chubb next argues that the board improperly affirmed the commissioner's finding of fact concerning Barron's exposure to chemicals in the workplace. Specifically, Chubb maintains that it was inappropriate for the commissioner to find that "there was no evidence presented to indicate what substances and chemicals [Barron] was exposed to or how he was exposed to them." We do not agree.

As stated previously, Chubb, for purposes of apportionment, claimed that Barron's lung cancer was caused by exposure to chemicals during his career in the printing business. Barron's prior employers and insurers, against whom Chubb sought apportionment, denied that Barron's cancer was the result of his employment history. They maintained that the cancer was caused by Barron's two-pack-a-day smoking habit.

Chubb sought to prove that Barron's cancer was caused by exposure to chemicals at work by relying on his sworn statement. In that statement, Barron gave a general description of the working conditions he encountered during his career in the printing business. He recounted frequent episodes of exposure to harsh smelling fumes associated with the printing process and stated that he came to learn what types of chemicals were used. Apart from a general reference to the types of chemicals used, however, Barron's statement does not specify or quantify his exposure to chemicals at work. Also, a toxicologist, Marc Bayer, found no evidence indicating what chemicals or substances Barron had been exposed to at work. Bayer concluded that the lung cancer was caused by cigarette smoking.

As the trier of fact, the commissioner was free to accept or reject Barron's statement regarding his exposure to chemicals. See *Hills* v. *Servicemaster of Connecticut River Valley, Inc.*, 155 Conn. 214, 216, 230

A.2d 604 (1967). It is evident that the commissioner considered and chose to reject Barron's statement. In fact, the commissioner specifically denied Chubb's motion requesting that he correct that portion of his decision relating to evidence of Barron's exposure to chemicals.

Barron's sworn statement did not quantify the type of exposure, the magnitude of the exposure or the duration of the exposure to chemicals in the workplace. On the whole, Barron's statement may at best be characterized as mere speculation as to which chemicals he may have been exposed. As the trier of fact, the commissioner did not act unreasonably in rejecting Barron's claims, and the board properly affirmed the commissioner's findings.

## IV

Chubb finally claims that the board improperly affirmed the commissioner's decision because the commissioner improperly drew an unfavorable inference from the fact that several of Barron's physicians offered no opinion as to whether Barron's cancer was work related. Chubb's argument is without merit.

In his recitation of findings, the commissioner referred to five physicians who had treated Barron or reviewed his medical records subsequent to his death. The only physicians whose opinions were in dispute were the two who had reviewed the records for purposes related to the litigation. Bayer believed that the cancer was caused by smoking, while Romeo Vidone believed it was the result of exposure to printing chemicals. As was his prerogative as the trier of fact, the commissioner accepted Bayer's opinion and rejected Vidone's. See *Mitaly* v. *Crofut & Knapp*, 118 Conn. 672, 675–76, 174 A. 71 (1934).

Aside from Barron's statement, Vidone's opinion was the only evidence offered to support the claim that

Barron's cancer was caused by exposure to chemicals at work. By rejecting Vidone's opinion, the commissioner essentially found that Chubb had failed to establish by credible evidence that Barron's lung cancer resulted from exposure to chemicals associated with printing. Further, the commissioner's acceptance of Bayer's opinion, i.e., that Barron's cancer was caused by his own smoking habit, clearly foreclosed the possibility that the commissioner would find that printing chemicals caused the cancer.

The commissioner's findings included the opinions of Barron's treating physicians to make the record clear that there was no other credible evidence to suggest that Barron's cancer resulted from workplace exposure to chemicals. There is no evidence in the record to suggest that the commissioner drew any adverse inference from the opinions of Barron's treating physicians. Rather, it appears that the commissioner based his decision on the reports of Bayer and Vidone. It is well established that " '[i]t is the trial commissioner's function to assess the weight and credibility of medical reports and testimony. . . . The commissioner must determine as a factual matter the causal relationship between a claimant's symptoms and a compensable injury. . . . Once the commissioner makes a factual finding, [we are] bound by that finding if there is evidence in the record to support it.' " *Gillis* v. *White Oak Corp.*, 49 Conn. App. 630, 637, 716 A.2d 115, cert. denied, 247 Conn. 919, 722 A.2d 806 (1998).

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.