******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

THOMAS MCGINTY *v.* STAMFORD POLICE
DEPARTMENT ET AL.
(AC 41943)

DiPentima, C. J., and Lavine and Prescott, Js.

*Syllabus*

The defendants, the Stamford Police Department and its workers' compensation insurer, appealed to this court from the decision of the Compensation Review Board, which affirmed the decision of the Workers' Compensation Commissioner that the plaintiff's claim for benefits as a result of heart disease was compensable under the Heart and Hypertension Act (§ 7-433c). The defendants claimed that the board improperly affirmed the commissioner's award because the plaintiff's condition was systemic and, therefore, not compensable heart disease pursuant to § 7-433c. The plaintiff, a police officer, had retired in 2011 with a service related disability pension due to injuries he sustained during the course of his employment. In April, 2009, he had been diagnosed with coronary artery disease and hypertension and, thereafter, filed a claim for benefits pursuant to § 7-433c. On the basis of the evidence presented at the hearing, the commissioner accepted the plaintiff's claim and found his testimony and that of his cardiologist to be credible and persuasive in support of a heart disease and hypertension claim pursuant to § 7-433c. She ordered the defendants to accept liability for the plaintiff's claim and all benefits under § 7-433c to which he was entitled. After the board affirmed the commissioner's decision, the defendants appealed to this court. *Held* that the board properly affirmed the commissioner's award, as the defendants failed to demonstrate that the commissioner's finding that the plaintiff suffered from heart disease was unsupported by the record; the commissioner heard testimony from two cardiologists and found that the plaintiff presented the more credible and persuasive evidence, and the role of this court was not to retry the facts, but to determine whether the commissioner's award could be sustained in view of the factual record.

Argued May 20—officially released July 9, 2019

*Procedural History*

Appeal from the decision of the Workers' Compensation Commissioner for the Seventh District finding that the plaintiff had sustained a compensable injury and awarding, inter alia, disability benefits; thereafter, the commissioner denied the defendants' motion to correct; subsequently, the defendants appealed to the Compensation Review Board, which affirmed the commissioner's decision, and the defendants appealed to this court. *Affirmed.*

*Scott Wilson Williams*, for the appellants (defendants).

*David J. Morrissey*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendants, the Stamford Police Department (police department), and PMA Management Corporation of New England, the workers' compensation liability insurer for the police department, appeal from the decision of the Compensation Review Board (board) affirming the finding and award (award) of the Workers' Compensation Commissioner for the Seventh District (commissioner) with respect to the claim filed by the plaintiff, Thomas McGinty, under General Statutes § 7-433c,[1] commonly referred to as the Heart and Hypertension Act.[2] On appeal, the defendants principally claim that the board improperly affirmed the commissioner's award concluding that the plaintiff had suffered from compensable heart disease. Before the commissioner and on appeal, the defendants have argued that the plaintiff's condition, arterial sclerosis, is not a disease unique to the heart, but a systemic condition, and is, therefore, not compensable heart disease. We affirm the decision of the board.

In her May 24, 2017 award, the commissioner made the following findings of fact, which are relevant to our resolution of this appeal. The plaintiff was employed as a police officer from January 8, 1990 through April 15, 2011, when he retired with a service related disability pension due to injuries he sustained during the course of his employment.[3] The plaintiff passed a preemployment physical that did not reveal evidence of hypertension or heart disease. The plaintiff struggled to control his weight and high cholesterol. In 2007, he experienced left leg pain due to a blockage of his iliac artery, which was treated twice by angioplasty. The plaintiff was diagnosed with peripheral vascular disease. An electrocardiogram and nuclear stress test were negative for heart disease at that time.

In 2009, the plaintiff experienced shortness of breath and chest pain. The results of a stress test performed on April 2, 2009, were positive and, when compared with the prior study, revealed a new "defect." The plaintiff was diagnosed with coronary artery disease and hypertension, and medication was prescribed for the conditions. On April 24, 2009, the plaintiff underwent cardiac catheterization that revealed two vessel coronary artery disease. The plaintiff was diagnosed with atrial fibrillation on November 19, 2009, and he underwent an ablation on February 16, 2010. A cardiac catheterization performed on September 14, 2011, showed progression of the plaintiff's coronary artery disease, and he underwent bypass surgery in December, 2011.

On May 27, 2009, the plaintiff filed a form 30C[4] claiming that he was entitled to benefits under § 7-433c as a result of hypertension and heart disease. On May 11, 2009, the police department timely filed a form 43 contesting the claim and also filed a supplemental form

43 on June 2, 2009.[5]

Joseph R. Anthony, a cardiologist, examined the plaintiff on September 3, 2010. Anthony reported that the plaintiff had both coronary heart disease and hypertension. On July 15, 2014, Anthony gave the plaintiff a 24 percent disability impairment due to his hypertensive cardiovascular disease and a 26 percent disability impairment for his coronary heart disease. The combined rating was 44 percent. Anthony also assigned an 11 to 13 percent disability impairment for the plaintiff's ventricular tachycardia, or arrhythmia.

Martin J. Krauthamer, a cardiologist, examined the plaintiff on behalf of the defendants. Krauthamer found no evidence of hypertension in the plaintiff more than a year prior to April, 2009. He testified at the formal hearing that in 2010, the plaintiff clearly had vascular disease, but that it had not yet impacted his heart, and, therefore, the plaintiff did not have cardiovascular disease at that time. Krauthamer opined that the disease process that resulted in a blockage of the plaintiff's coronary artery was the same process that resulted in a blockage of the peripheral arteries of his groin. According to Krauthamer, the atherosclerotic process occurs separately in different parts of the body as it is a systemic disease. He assigned the plaintiff a disability rating of 8 percent due to hypertension and an 11 percent disability rating due to his premature ventricular contractions.

On the basis of the evidence presented at the formal hearing, the commissioner accepted the plaintiff's claim. She found his testimony and medical evidence to be credible and persuasive in support of a heart disease and hypertension claim pursuant to § 7-433c. The commissioner found Anthony's opinion and reports to be more credible than Krauthamer's.[6] The commissioner concluded that the plaintiff had reached maximum medical improvement on September 3, 2010, and had disability ratings of 24 percent due to hypertension, 26 percent due to coronary artery disease, and 11 percent due to arrhythmia. She ordered the defendants to accept liability for the plaintiff's heart disease and hypertension claim and all benefits under § 7-433c to which he may be entitled.

The defendants filed a motion to correct, which the commissioner denied. The defendants appealed to the board, claiming that the plaintiff's claimed heart condition was systemic and, therefore, did not constitute compensable heart disease.[7] To support their position that atherosclerosis is a systemic disease and not a distinct heart disease, the defendants relied on *Estate of Patrick L. Brooks* v. *West Hartford*, No. 4907, CRB 6-05-1 (January 24, 2006).[8] The board issued its decision on July 17, 2018, affirming the commissioner's award. The board rejected the defendants' argument that the peripheral artery disease, atherosclerosis, from which

the plaintiff suffered in 2007, was not heart disease and that it was the proximate cause of his subsequent coronary ailments in 2009. The defendants argued that the plaintiff's systemic atherosclerosis was indistinguishable from the systemic sarcoidosis, which in *Estate of Patrick L. Brooks*, was deemed not to be heart disease. The board did not undertake a medical or factual analysis of atherosclerosis and sarcoidosis. Rather, it relied on "one of the primary tenets of [its] standard of appellate review . . . that the trial commissioner has the right and the duty to decide how much of the medical evidence presented to [her] is persuasive and reliable. . . . A commissioner may choose to credit all, part or none of an expert's testimony. . . . On review, this board may not second-guess a commissioner's inferences of evidentiary credibility, and we may reverse factual findings only if they are unsupported by the evidence or if they fail to include undisputed material facts." (Citations omitted.) Id.; see also *Sanchez* v. *Edson Manufacturing*, 175 Conn. App. 105, 124-26, 166 A.3d 49 (2017); *Barron* v. *City Printing Co.*, 55 Conn. App. 85, 94, 737 A.2d 978 (1999). On the basis of its review of the record, the board concluded that there was an adequate basis for the commissioner's finding that the plaintiff suffered from heart disease in 2009 and that his heart disease was separate and distinct from the peripheral artery disease he experienced in 2007.

Our review of the record and the briefs and arguments of the parties persuades us that the board properly affirmed the commissioner's award. On appeal, the defendants have failed to demonstrate that the commissioner's finding that the plaintiff suffered from heart disease is unsupported by the record. The commissioner heard testimony from two cardiologists and found that the plaintiff presented the more credible and persuasive evidence. It is not the role of this court to retry the facts, but to determine whether the commissioner's award could be sustained in view of the factual record. See *Estate of Haburey* v. *Winchester*, 150 Conn. App. 699, 719, 92 A.3d 265, cert. denied, 312 Conn. 922, 94 A.3d 1201 (2014). We, therefore, affirm the decision of the board.[9]

The decision of the Compensation Review Board is affirmed.

[1] General Statutes § 7-433c (a) provides in relevant part: "Notwithstanding any provision of chapter 568 or any other general statute . . . in the event . . . a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, suffers either off duty or on duty any condition or impairment of heath caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability, he . . . shall receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568 . . . ."

[2] See *Pearce* v. *New Haven*, 76 Conn. App. 441, 443–44, 819 A.2d 878 (overruled in part by *Ciarelli* v. *Hamden*, 299 Conn. 265, 296, 8 A.3d 1093 [2017], cert. denied, 264 Conn. 913, 826 A.2d 1155 (2003).

[3] During the course of his employment with the police department, the

plaintiff suffered injuries to his lower back, both knees, left shoulder, left hip, and both hands.

[4] A form 30C is the document prescribed by the Workers' Compensation Commission to be used when filing a notice of claim pursuant to the Workers' Compensation Act, General Statutes § 31-275 et seq.

[5] Form 43 is titled: "Notice to Compensation Commissioner and Employee of Intention to Contest Employee's Right to Compensation Benefits." It is a disclaimer form used by an employer to contest liability to pay compensation to an employee for a claimed injury. *Dubrosky* v. *Boehringer Intelheim Corp.*, 145 Conn. App. 261, 265 n.6, 76 A.3d 657, cert. denied, 310 Conn. 935, 78 A.3d 859 (2013).

[6] The defendants claimed that the plaintiff had refused reasonable and necessary medical treatment, but the commissioner found that not to be the case.

[7] The defendants did not contest the awards for the plaintiff's hypertension and arrhythmia.

[8] In *Estate of Patrick L. Brooks*, the deceased firefighter died on November 12, 2002, due to myocardial sarcoidosis. A cardiologist "testified that the decedent did not have 'heart disease,' but systemic sarcoidosis that involved multiple organs, one of which happened to be the heart. Sarcoidosis is a collagen vascular illness that affects multiple parts of the body. As a result of a secondary complication of sarcoidosis, nodules created electrical conduction problems in the decedent's heart tissue, causing the organ to stop functioning. [The cardiologist] explained that the analysis as similar to the progress of metastasized cancer. Although the heart was the final common pathway, as is often the case, the systemic illness of sarcoidosis caused the decedent's death." *Estate of Patrick L. Brooks* v. *West Hartford*, supra, 4907 CRB-6-05-1.

[9] In the conclusion of his brief on appeal, the plaintiff stated: "the commissioner's decision should be upheld in its entirety with statutory interest as prescribed by statute." The defendants responded in their reply brief, stating that the plaintiff did not file a motion pursuant to General Statutes § 31-301 (f), the issue was not addressed by the commissioner, and was raised for the first time on appeal. We decline to address the issue. See, e.g., *Hummel* v. *Marten Transportation, Ltd.*, 114 Conn. App. 822, 826, 970 A.2d 834 (commissioner entered § 31-301 [f] order), cert. denied, 293 Conn. 907, 978 A.2d 1109 (2009).